In the Matter of the Extension of NORTH THIRD AVENUE to First Street in the City of Mount Vernon.

*Municipal corporation — proper method to be pursued by a party seeking to review the determination of the common council relative to a street extension.*

A party seeking to review the determination of the common council of a municipality, in reference to the extension of an avenue across the tracks of a railroad company, under the provisions of section 61 of the Railroad Law (Chap. 565 of the Laws of 1890, as amended by chap. 754 of the Laws of 1897), is not entitled to the appointment of a referee to take proof of the facts and circumstances under which the common council passed the ordinance for the extension of the avenue, but, if an appeal lies, such party should submit proof, by affidavit, of the facts and circumstances, showing the impropriety of the new crossing.

*Quære,* whether an appeal lies in such a case from the action of the common council, or whether the term "decision," in section 62 of the Railroad Law, is used only with reference to the action of the Railroad Commissioners.

MOTION by the New York, New Haven and Hartford Railroad Company for the appointment of a referee to take proof of the facts and circumstances upon which the common council of Mount Vernon acted in passing an ordinance for the extension of North Third avenue in said city across the railroad tracks of the New York, New Haven and Hartford Railroad Company.

*Henry W. Taft,* for the motion.

*William J. Marshall, Corporation Counsel,* opposed.

PER CURIAM:

This is an application for the appointment of a referee to take proof of the facts and circumstances upon which the common council of Mount Vernon passed an ordinance for the extension of North Third avenue in said city across the railroad tracks of the appellant, the New York, New Haven and Hartford Railroad Company. The appellant seeks to review the determination of the common council for the extension of the avenue, made under the provisions of section 61 of the Railroad Law (Chap. 565, Laws of 1890), as amended by chapter 754 of the Laws of 1897. It is not entirely clear that under the statute an appeal lies from the action of the common council. Section 62 provides for action of the Railroad Commissioners in the cases of existing grade crossings of railroads or highways. It is further provided that: "Any person aggrieved by such decision, or by a decision made pursuant to sections sixty and sixty-one hereof, and who was a party to said proceeding, may appeal therefrom to the Appellate Division of the Supreme Court * * * in the same manner and with like effect as is provided in the case of appeals from an order of the Supreme Court." In this statute the term "decision" seems to be used only with reference to the action of the Railroad Commissioners and not to the action of the common council. At the same time it appears inconsistent that the railroad company should have the right of appeal to the courts from a determination as to the manner in which its railroad should be crossed by the highway, but none on the question whether there should be a crossing at all. However, we should not decide the question on this applica-

tion, but we are clear that there is no authority for the procedure which the appellant asks us to adopt.  If an appeal lies — and in our inquiry we are not limited to the record before the common council — then the appellant should submit proofs by affidavit of the facts and circumstances showing the impropriety of the new crossing. But if the reference now applied for is to have any effect, it would result simply in an examination of the grounds on which the particular members of the common council determined that the proposed extension was necessary or advantageous.  We know of no precedent for such an inquiry.

The motion should be denied.

All concurred.

Motion denied, without costs.