(32 App. Div. 394.)

In re EXTENSION OF NORTH THIRD AVE. IN CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

1. RAILROADS—LAYING OUT HIGHWAY—APPEAL.
    Under Laws 1897, c. 754, an appeal is given to the appellate division of the supreme court from the determination of a municipal corporation to lay out a highway across a railroad.
2. SAME—PROCEDURE.
    Upon such an appeal the court may consider new proofs in form of affidavits not included in the record of proceedings before the municipal body.
3. SAME—BURDEN OF PROOF.
    The court, however, is to treat the application as in the nature of a review of the decision of a subordinate tribunal, and not as it would an original application made to it in the first instance; and the burden rests upon the petitioner to show affirmatively that the municipal body erred in its determination.
4. RAILROADS—EXTENSION OF HIGHWAY OVER TRACK.
    While, ordinarily, in a city of 20,000 inhabitants, highways crossing over a railroad, and 800 feet apart, may be sufficiently close to afford all requisite facilities or conveniences for public travel, special circumstances may render an intermediate crossing appropriate, as where the latter is in the line of a principal and important thoroughfare.

Appeal from common council of the city of Mt. Vernon.

In the matter of the extension of North Third avenue, in the city of Mt. Vernon. From a determination to extend the same, the New York, New Haven & Hartford Railroad Company appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry W. Taft, for appellant.
William J. Marshall, Corp. Counsel, for respondents.

CULLEN, J.  Upon a motion for the appointment of a referee hitherto made in this proceeding, we expressed some doubt as to whether, by chapter 754 of the Laws of 1897, an appeal to this court is given from the determination of a municipal corporation to lay out a highway across a railroad.  In re Extension of North Third Ave., 51 N. Y. Supp. 353.  While we have not thus far been able to relieve ourselves of the doubt we then entertained, still, on the whole, we are of opinion that the preferable construction of the statute gives the railroad company the right of appeal on the question whether the road should be laid out at all.  If an appeal is to be entertained, we think we must consider the new proofs before us, for the record of the proceedings before the municipal body making the determination to lay out a road is necessarily so meager, and so devoid of all evidence on the subject of the necessity or propriety of the construction of the road, that without further evidence it would be practically impossible for us to review the determination appealed from.

Though we have considered the affidavits of the parties as properly before us, we cannot consider this appeal as in the nature of an original application to this court on the subject-matter.  It was held by the late general term of this department, with reference to an appeal from a decision of the railroad commissioners, that the statute, "while it grants the court power to review the action of the commissioners, plainly indicates that the court is to treat the application as in the nature of a review of the decision of a subordinate tribunal, and not as it would an original application made to it in the first instance.  The burden rests upon the petitioner to show affirmatively that the commissioners erred in their determination."  In re New Hamburgh & P. C. R. Co., 76 Hun, 76, 27 N. Y. Supp. 664.  The same rule should obtain on this appeal.  The affidavits and proofs on behalf of the railroad company show that in the city of Mt. Vernon there are already two highway crossings over the appellant's railroad, one at Park avenue, and the other at Fourth avenue, the distance between them being about 800 feet.  The new crossing is occasioned by the extension of Third avenue across the railroad. This crossing will be between the other two, and distant about 250 feet from that at Fourth avenue.  The population of the city of Mt. Vernon is about 22,000.  Ordinarily, in a territory not more densely populated than that of this city, we should think that highway crossings 800 feet apart were sufficiently close to afford all the facilities or convenience that public travel on those highways requires.  But the proof on behalf of the respondents seems to afford justification for their action.  Third avenue is an existing street in the city, laid out, improved, and traveled on both sides of the railroad.  At present, continuous travel along the street is obstructed and rendered impossible by the presence of the defendant's road, and it is necessary for vehicles proceeding along the line of Third avenue to turn into a cross street, proceed to Fourth avenue, thence along Fourth avenue till the railroad is crossed, and then to return through another cross street to Third avenue.  Of course, this would be necessary whenever any intersecting streets are not carried

across a railroad, and we do not mean to intimate that every cross street should pass over the railroad. On the contrary, we would be inclined to believe that only the principal thoroughfares should be taken across, when those thoroughfares are sufficiently near each other as not to compel travelers to go unreasonable distances out of their way. But Third avenue seems to be one of the main streets of the city of Mt. Vernon. The major portion of the improved part of that city lies to the north of the railroad. To the south of the railroad is the water front on Long Island Sound. At the foot of Third avenue are the public wharves of the city, from which there is a great travel by vehicles. On Fourth avenue there is a trolley railroad, over which a great number of cars pass, rendering a very heavy traffic over that street by other vehicles disadvantageous. Under these circumstances, we cannot say that it is so clear that the action of the common council proceeded on insufficient grounds as to justify our interference.

The determination appealed from should be affirmed, with $10 costs and disbursements. All concur.