All concurred, except PARKER, P. J., and EDWARDS, J., dissenting.

Judgment reversed on the law and facts and new trial granted, with costs to appellant to abide the event.

---

In the Matter of the TOWN BOARD OF SCHAGHTICOKE, RENSSELAER COUNTY, Respondent, against THE FITCHBURG RAILROAD COMPANY, Appellant.

*Objection, first taken on appeal, to a petition for the abolition of a grade crossing, not sustained — judicial notice of a geographical fact.*

The objection that a petition filed by the town board of the town of Schaghticoke, Rensselaer county, for the abolition of a grade crossing at Melrose, N. Y., is insufficient, in that it does not allege that Melrose is in the town of Schaghticoke, and the further objection, interposed by a party represented at the hearing, that proper notice was not given of the hearing before the Railroad Commissioners, cannot be raised for the first time upon an appeal from the order granting the prayer of the petition.

*Quære*, whether the court cannot take judicial cognizance that Melrose is in the town of Schaghticoke.

APPEAL by The Fitchburg Railroad Company from a decision of the Board of Railroad Commissioners of the State of New York in favor of the Town Board of Schaghticoke, rendered on the 24th day of August, 1899, abolishing the grade crossing at Melrose, Rensselaer county, and determining that public safety requires that said crossing be abolished, and that said east or main highway shall be carried beneath the railroad.

The proceeding was taken under chapter 754 of the Laws of 1897, amending the Railroad Law (Laws of 1890, chap. 565) by adding section 62 thereto.

*T. F. Hamilton,* for the appellant.

*Frank E. McDuffee,* for the respondent.

SMITH, J.:

The appellant urges three objections to this decision : *First,* that the petition of the town board conferred no jurisdiction upon the Board of Railroad Commissioners to entertain the application, because by the petition it does not appear that the crossing is in the town of Schaghticoke. The petition is by the town board of Schaghticoke, Rensselaer county, asking that the main crossing of the Fitchburg road at Melrose, N. Y., be removed from grade and placed under the tracks. That Melrose is in the town of Schaghticoke was assumed at the hearing. The question of the sufficiency of the petition is raised by the defendant for the first time upon this appeal. That the crossing sought to be changed is within the town of Schaghticoke is conceded upon the argument. It might be strongly urged that this fact is one of which the court will take judicial notice. (See *People* v. *Suppiger,* 103 Ill. 434 ; *Central R. R.* v. *DeBray,* 71 Ga. 406 ; *Indianapolis, etc., R. R. Co.* v. *Case,* 15 Ind. 42.) With the existence of the jurisdictional fact admitted, however, the insufficiency of the petition in alleging such facts cannot be raised for the first time upon appeal.

The *second* objection urged is that proper notice was not given of the hearing before the railroad commissioners. Section 62 of the statute (Laws of 1890, chap. 565, as amd. by Laws of 1897, chap. 754) provides that the railroad commissioners " shall appoint a time and place for hearing the petition, and shall give such personal notice thereof as they shall judge reasonable, of not less than ten days, however, to said petitioner, the railroad company, the municipality in which such crossing is situated, and to the owners of the lands adjoining such crossing and adjoining that part of the highway to be changed in grade or location, and shall cause notice of said hearing to be advertised in at least two newspapers published in the locality affected by the application ; and after such notice of hearing the said board of railroad commissioners shall determine what alterations or changes, if any, shall be made." The objection specifically made is not that the personal notices were not served or that due notice was not

served upon this defendant, but that the notice was published only nine days prior to the hearing.  No question was raised at the hearing by the defendant or any other party as to the insufficiency of the notice.  The objection appears now for the first time.  Even if the statute be so read as to require this notice to be published ten days prior to the hearing, the objection comes too late when raised for the first time upon the appeal.  The defendant, the municipality, the owners of the property to be affected by the change in grade, were all represented at the hearing, and it can in no way harm the defendant to hold that it has waived any objection to the failure to give any further notice than was in fact given.

The *third* objection reaches the merits of the application.  It is contended that facts do not appear sufficient to justify the order. The courts have now settled the rule by which we are to be guided in reviewing the determination of the railroad commissioners.  In *Matter of Amsterdam, J. & G. R. R. Co.* (86 Hun, 578), Justice HERRICK, in writing for the General Term of this department, says : " Unless the court can see that the decision of the Board of Railroad Commissioners was founded upon erroneous legal principles, or that it proceeded contrary to the clear weight of evidence in arriving at its conclusion upon any question of fact, or that it has abused the discretion vested in it, and has arbitrarily refused to issue the necessary certificate, I do not think that the court should reverse its determination."

In the case at bar it seems to have been assumed that public necessity required an underpass at or near the point of this crossing.  The contention of the defendant road was not that the crossing was properly at grade, but that another crossing a short distance from this should be. changed and this crossing closed.  The defendant's witness, its chief engineer, assumed, upon the stand, to speak for the defendant company and made such a proposition. This was objected to by those representing the town, and the main contention, and apparently the only contention there made, was as to which crossing should be placed under the tracks of the defendant's road.  There was in addition some evidence as to the location of this crossing and as to the dangers attendant upon its use.  More than that, one of the commissioners together with the engineer of the board inspected the location, and upon his inspection the determination was in part based.  Upon the argument it was objected

that the board could not act upon the inspection of one of its commissioners alone. In the record, however, appears a statement under the date of August fifth, that after a discussion, without the taking of further testimony, the evidence was closed, and it was agreed that the board *or some member of it* would visit the crossing proposed to be carried underneath the railroad. With the fact then apparently assumed that an underpass was a public necessity at this or a near-by crossing, with the location of the crossing as appears from the map and from the record and the circumstances surrounding, with the inspection of one of the railroad commissioners with the engineer of the board, made upon the agreement that one of them should visit the place for inspection, the final determination of the board seems to have abundant support, and no facts appear which would authorize us to hold that the board has abused its discretion or that its determination was not fairly reached upon evidence sufficient to warrant the same.

We conclude, therefore, that the appeal must fail and the determination of the board must be sustained.

All concurred.

Decision of Board of Railroad Commissioners affirmed, with ten dollars costs and disbursements.