In re OPENING OF .LUDLOW ST. IN CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department.    March 8, 1901.)

1. MUNICIPAL CORPORATIONS—CONSTRUCTING STREET OVER RAILROAD—NOTICE.
Laws 1897, c. 754, requiring notice of intention to lay out a street across a steam surface railroad to be given to the railway company, requires notice of the preliminary proceedings for laying out the street to be served on the railroad, and is not confined to notice of the physical construction of the street.

2. SAME—AMENDMENT OF LAW.
Laws 1897, c. 754, repealing all acts in conflict therewith, and requiring notice of intention to lay out a street across a steam surface railway to be given to the railway company, requires such notice to be given in proceedings commenced before the passage of the act, under Yonkers city charter (Laws 1895, c. 635), which did not require such notice, when the petition is not acted on until after passage of the act, since the act merely changes the procedure, and is not within Laws 1892, c. 677, declaring that the repeal of the statute shall not affect any act done, nor right accrued, prior to the repeal.

3. SAME—APPOINTMENT OF COMMISSIONERS.
Where notice of the intention to lay out a street across a steam surface railway is not given to the company as required by Laws 1897, c. 754, the court has no jurisdiction to appoint commissioners to determine the damages and benefits resulting therefrom.

Appeal from special term, Westchester county.

Proceedings to open Ludlow street, in the city of Yonkers.    From an order of the supreme court vacating the order appointing a commissioner to determine damages and benefits, certain property owners appeal.    Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and SEWELL, JJ.

James B. Ludlow, for appellants.

Ira A. Place (Robert A. Kutschbock, on the brief), for respondent.

SEWELL, J.    Under the provisions of chapter 635 of the Laws of 1895, being the charter of the city of Yonkers, the appellants, as property owners, on the 23d day of November, 1896, presented a petition to the common council of the city of Yonkers, praying that a street be laid out across the steam surface railroad of the respondent.    The petition was referred to the board of street openings for their approval, and on the 27th day of December, 1897, it was returned, duly approved, and the common council caused a notice to be published in the official city newspapers that such petition had been received, and that the common council would act thereon at a meeting to be held on the 11th day of April, 1898.    At the time stated in said notice, the common council determined that the laying out and opening of said street was necessary, allowed the improvement, and directed· that the property rights and easements be taken.    Thereafter, on an application made by the common council on the 30th day of April, 1898, an order was made at a special term of this court appointing three persons as commissioners to estimate and assess the expenses of the improvement and the amount of dam-

ages and benefits. The respondent appeared at a meeting of the commissioners to hear the proofs and allegations of the parties, and objected to the proceedings on the ground that notice of intention to lay out such street had not been given to the railroad company by the municipal corporation, and that section 61 of the railroad law had not been complied with. Chapter 754, Laws 1897. The commissioners made their report, which was confirmed, and the railroad company appealed. The appellate division held that an appeal from an order confirming the report of the commissioners did not bring up for review any question relating to the regularity of the proceedings, and affirmed the order, "without prejudice to the appellant to take such proceedings as it may be advised in respect to vacating and setting aside the order appointing commissioners in this proceeding, and all subsequent proceedings herein." 62 N. Y. Supp. 42. Thereafter, and on the 17th day of February, the order appointing the commissioners, and all subsequent orders and proceedings, were vacated and set aside upon motion of the railroad company, and from that order this appeal is taken.

Chapter 754 of the Laws of 1897, being an amendment to the railroad law, which was passed on May 22 and took effect on July 1, 1897, provides that:

"When a new street, avenue or highway, or new portion of a street, avenue or highway shall hereafter be constructed across a steam surface railroad, such street, avenue or highway, or portion of such street, avenue or highway, shall pass over or under such railroad or at grade as the board of railroad commissioners shall direct. Notice of intention to lay out such street, avenue or highway, or new portion of a street, avenue or highway, across a steam surface railroad, shall be given to such railroad company by the municipal corporation at least fifteen days prior to the making of the order laying out such street, avenue or highway by service personally on the president or vice-president of the railroad corporation, or any general officer thereof. Such notice shall designate the time and place and when and where a hearing will be given to such railroad company, and such railroad company shall have the right to be heard before the authorities of such municipal corporation upon the question of the necessity of such street, avenue or highway. If the municipal corporation determines such street, avenue or highway to be necessary, it shall then apply to the board of railroad commissioners before any further proceedings are taken, to determine whether such street, avenue or highway shall pass over or under such railroad, or at grade."

It is undisputed that no notice was given to the railroad company, or any of its general officers, of an intention to lay out the street; that the company was not given an opportunity to be heard as to the necessity of such street; and that no application was made to the board of railroad commissioners. The question is therefore presented whether this statute, which is known as the "Grade Crossing Law," applied to and affected this proceeding by imposing upon the authorities of the municipal corporation of the city of Yonkers the duty of giving the notice and hearing, as therein provided. The object of this statute was to provide a complete scheme as to crossings, whether the tracks of the railroad cross a street already laid out, or streets are laid out, opened, or extended across the tracks of a railroad; and that it was not intended to be confined to the actual physical construction of the street, as claimed by the appellants, is apparent from the express terms and provisions of the statute. The

statute has a direct reference to a proceeding for laying out streets. It requires personal service of a notice of the intention to lay out the street "prior to the making of the order laying out such street," and gives the railroad company the right to be heard before the authorities upon the question of the necessity of such street. The right of the municipality to lay out streets across the property of a railroad remains unaffected by this legislation (People v. New York Cent. & H. R. R. Co., 158 N. Y. 410, 413, 53 N. E. 166), but it alters and regulates the procedure in the proceeding for that purpose, in that it imposes certain additional duties with respect to a notice and hearing. Nothing can be found in the act in any way inconsistent with this conclusion, which is in harmony with the determination in Re North Third Ave., 32 App. Div. 394, 53 N. Y. Supp. 46, where this court expressed an opinion that a railroad company had the right of appeal on the question whether the road should be laid out at all.

The appellants also contended that this proceeding was not affected by the passage of the grade crossing act, in that it was commenced before that act was passed or took effect, and was saved from its operation by section 31 of the statutory construction law (chapter 677, Laws 1892), which declares that the repeal of a statute shall not affect or impair any act done or right acquired prior to the time that such repeal took effect, but the same may be asserted or enforced as fully and to the same extent as if the repeal had not been effected. If the presentation of the petition to the common council commenced the proceeding for laying out the street, the effect of the statutory construction law was to preserve the proceeding, but the procedure in the proceeding was governed by the law regulating it at the time any question of procedure arose. It is well settled that the legislature may change the practice of the court, that the change will affect pending actions and proceedings, and, in the absence of words of exclusion, will apply to them at once on its passage. Southwick v. Southwick, 49 N. Y. 510; In re Davis' Estate, 149 N. Y. 539, 44 N. E. 185. The first step in an argument based on this law is to show that the repeal will be retrospective legislation to the case under consideration. Lazarus v. Railway Co., 145 N. Y. 581, 40 N. E. 240. It is unnecessary to determine whether or not the proceeding to lay out the street in question was pending at the time this statute took effect. It is quite sufficient, for the purposes of this case, to note that the repealing clause of the grade crossing act only repealed or affected acts inconsistent with it, and that its provisions in respect to notice and hearing are in no sense inconsistent with the charter. It invalidated nothing which had been done under the prior act, and only imposed upon the municipal corporation additional duties relating to the procedure, which by the terms of the act did not become imperative until more than nine months after its passage. The act was prospective, and not retrospective, and conferred upon the respondent the right to a notice of an intention to lay out the street, and the right to be heard before the authorities of the municipal corporation upon the question of its necessity.

These express statutory prerequisites to jurisdiction not having been complied with, the court had no jurisdiction to make the order appointing the commissioners, and the order of the special term must be affirmed, with costs and disbursements. All concur.