In the Matter of the Application of the CITY OF BUFFALO to Open Delavan Avenue across the Tracks and Right of Way of the New York Central and Hudson River Railroad Company.

THE CITY OF BUFFALO, Appellant; THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

APPEAL — DETERMINATION OF COMMON COUNCIL AS TO NECESSITY FOR LAYING OUT STREET ACROSS RAILROAD TRACK. Under sections 61 and 62 of the Railroad Law (L. 1897, ch. 754; L. 1898, ch. 520), a determination of a common council that it is necessary to lay out an avenue over the tracks of a railroad company is appealable to the Appellate Division of the Supreme Court and that court has power to review such determination.

*Matter of Delavan Avenue*, 54 App. Div. 629, affirmed.

(Argued April 15, 1901; decided June 4, 1901.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 14, 1900, denying a motion to dismiss an appeal from a determination of the common council of the city of Buffalo, made under section 61 of the Railroad Law, that it is necessary to open, lay out and construct Delavan avenue as a public street across the tracks and right of way of the New York Central and Hudson River Railroad Company.

The following are the questions certified:

1. Is the New York Central & Hudson River Railroad Company entitled to appeal to the Appellate Division of the Supreme Court from the determination of the common council of the city of Buffalo, duly adopted by the board of aldermen of the said city July 30, 1900, and by the board of councilmen thereof August 1, 1900, and thereafter duly approved by the mayor of said city, which determination is as follows:

" WHEREAS, The Board of Aldermen did on the 4th day of June, 1900, adopt a certain resolution providing that the City of Buffalo intends to open, lay out and construct Delavan Avenue as a public street or highway, its present width of

sixty-six feet across the tracks and right of way of the New York Central & Hudson River Railroad Company, where said tracks cross said avenue between Niagara street and the Erie Canal, and providing for a hearing on the 2nd day of July, 1900, upon the question of the necessity of such street, and notice of such hearing and opportunity to be heard having been given to the said the New York Central & Hudson River Railroad Company, and other interested parties, and a hearing having been had;

"*Resolved,* That it be and it is hereby determined that such opening, laying out and constructing of Delavan Avenue aforesaid across the tracks and right of way of the New York Central & Hudson River Railroad Company is necessary, and the Corporation Counsel is hereby directed to apply to the Board of Railroad Commissioners for the purpose of ascertaining the manner in which such avenue shall cross the said railroad, in accordance with Section 61 of the Railroad Law."

2. Has the Appellate Division of the Supreme Court the power to review the aforesaid determination of the common council of the city of Buffalo, duly adopted and approved as aforesaid?

*Henry W. Killeen* and *W. H. Cuddeback* for appellant. The propriety of taking private property for a public use is not a judicial question, but one of political sovereignty, to be determined by the legislature, either directly or by delegating the power to public agents, proceeding in such a manner and form as it may prescribe. (*People ex rel.* v. *Smith,* 21 N. Y. 595; *People ex rel.* v. *D., L. & W. R. R. Co.,* 11 App. Div. 280; *Matter of Fowler,* 53 N. Y. 60; *Matter of Comrs. of Assessment,* 74 N. Y. 95; *Matter of R. & S. R. R. Co.* v. *Davis,* 43 N. Y. 137.) The action of the municipality is final and conclusive and not subject to review by the courts. (L. 1890, ch. 565, § 62.)

*Maurice C. Spratt* for respondent. Under section 62 of the Railroad Law (L. 1890, ch. 565, as amd. by L. 1897, ch. 754) respondent has a perfect right to appeal to the Appel-

late Division from the determination of the common council. (*Matter of North Third Ave.*, 30 App. Div. 256; 32 App. Div. 394.) The municipality was the agent of the legislature in endeavoring to condemn the right of way over respondent's property, and the legislature, as principal, had a perfect right to limit and restrict, and did limit and restrict, the powers of its agent, and make its actions subject to the correction and supervision of the courts. (*Matter of Fowler*, 53 N. Y. 60.)

LANDON, J. It may be conceded that the right of appeal here in question does not exist unless conferred by statute. On behalf of the city it is urged that the terms of the statute do not embrace such an appeal. The point of the contention is that the right of appeal is given only from a decision of the board of railroad commissioners and not a determination of a municipal body. Section 61 of the Railroad Law (Ch. 754, Laws 1897; ch. 520, Laws 1898) provides that when a new street, or new portion of a street, shall hereafter be constructed across a steam surface railroad, other than by a change of a grade crossing, pursuant to section 62 of the act, it shall pass over or under such railroad or at grade as the board of railroad commissioners shall *direct*. But the municipal corporation shall first *determine* whether such new street, or portion of a street, is necessary. If it determines it to be necessary, then the municipal corporation shall apply to the board of railroad commissioners to determine whether the new street, or portion of a street, shall pass over or under the railroad or at grade, and that board must determine these matters. The act requires, in both cases, that the railroad company shall have notice of the time and place of the hearing and the right to be heard. In the case before us the railroad company had notice, and having been heard before the municipal corporation, namely, the common council of the city, appealed from its *determination* to the Appellate Division.

Section 62 provides that the board of railroad commissioners shall determine what alterations or changes, if any, shall be made in changing an existing grade crossing to one above or below grade, and speaks of its determination as a decision,

and then provides : " Any person aggrieved by such decision, or by a decision made pursuant to sections 60 and 61 hereof and who was a party to said proceeding, may appeal therefrom to the Appellate Division of the Supreme Court in the department in which such grade crossing is situated and to the Court of Appeals, in the same manner and with like effect as is provided in the case of appeals from an order of the Supreme Court." We think this authorizes the appeal taken in this proceeding to the Appellate Division.

The determination of the necessity of extending a new street or new portion of a street across an existing railroad is certainly of as much importance as the determination of the details of such crossing. The common council has the determination of this necessity ; it is a single subject, and the determination upon it is a decision although not expressly so styled in section 61. The determination by the railroad commissioners whether the street shall cross over, or under, the railroad, or at grade, is but one of the determinations to be made by that body. Whichever method is adopted, the board must further determine the details of executing it. It is convenient to embrace these several determinations in one decision and to speak of the whole as a decision. Thus the use of the word *decision* in connection with the several determinations of the railroad commissioners, and the absence of its use in connection with the single determination of the common council, is apparent. We do not think any distinction in the right to appeal was intended.

It is further objected in behalf of the city that the determination of the municipal authorities is not an exercise of any judicial function, but is an act of political sovereignty, legislative in its nature, to be exercised by the body to whom the legislature has delegated the authority, and, therefore, not the proper subject of judicial review. If the legislature had delegated the authority to the municipal body without qualification to determine as to the necessity of this crossing, the case would be different. (*People ex rel. Herrick* v. *Smith*, 21 N. Y. 595 ; *Matter of Townsend*, 39 N. Y. 171 ; *Matter*

*of Fowler*, 53 N. Y. 60; *Matter of Sackett Street*, 74 N. Y. 95.) But section 61 provides that the municipal body must give fifteen days' notice of its intention to the railroad company, and of the time and place of hearing, and expressly provides that the railroad company shall have a right to be heard upon the question of the necessity of such street. The reason is manifest. The railroad company is already using its railroad by virtue of the right of eminent domain, and although that is not prohibitive of legislative authorization of new street and highway crossings (*Prest., etc., Delaware & Hudson Canal Co.* v. *Village of Whitehall*, 90 N. Y. 21; *Buffalo, B. & L. Ry. Co.* v. *N. Y., L. Erie & W. R. R. Co.*, 72 Hun, 587), yet it presents such questions of fact of a judicial nature, touching relative necessities, public uses, public danger, comparison of cost to benefits, promotion of private enterprises under guise of public uses, all of which are suggested by this record, as might well induce the legislature to submit the question of necessity to municipal determination, subject to judicial review. There is no constitutional restriction upon such a delegation of authority and such an exercise of judicial jurisdiction. The cases first above cited, and the statutes touching railway crossings, and statutes regulating the exercise of the power of eminent domain (Condemnation Law; Code C. P. sec. 3357), show that judicial jurisdiction and revision are, whenever the state does not directly act for itself, an important feature of its policy. The same judicial revision may not be necessary, but it may be proper in cases where the state itself is the direct actor; it is for the legislature to decide.

We think section 62 of the Railroad Law authorizes the appeal to the Appellate Division, and that that court has the power to review the determination of the common council. We answer both questions in the affirmative and affirm the order, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and CULLEN, JJ., concur.

Order affirmed.