In re OPENING OF NINETEENTH ST. IN CITY OF NIAGARA FALLS.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

1. RAILROADS—LAYING OUT STREETS—CROSSINGS—APPEAL.

Laws 1890, c. 565, §§ 61, 62, as amended by Laws 1897, c. 754, provide for the laying out of a street over a railroad as the board of railroad commissioners shall direct, but that the municipal corporation shall first determine whether such new street is necessary, and that if it determines such street to be necessary it shall apply to the railroad commissioners to determine whether the street shall pass over or under such railroad, or at grade, and that any person aggrieved by such decision may appeal to the appellate division of the supreme court. *Held*, that the statute authorizes an appeal from the determination of the common council that it is necessary to lay out a street over the tracks of a railroad company.

2. SAME—ADVISABILITY OF CROSSING—DETERMINATION OF COUNCIL.—APPEAL—REVIEW.

On an appeal from the decision of the common council under the statute determining that it was necessary that N. street should be laid out over certain railroad tracks, it appeared that four tracks extended in the locality in question, substantially east and west; that nearly 100 trains passed over the tracks daily, and considerable switching was done there. N. street extended substantially north and south, and ended at M. avenue, north of the tracks, from which point it was proposed to extend it substantially at right angles across the tracks to B. avenue, a distance of about 800 feet. A street known as the "P. Road" crossed the tracks

diagonally, at grade, in a northwesterly and southeasterly direction, and intersected B. avenue at a point about 100 feet distant from where N. street would intersect such avenue if extended as proposed. At M. avenue, on the north of the tracks, the distance between the P. road and N. street was only about 500 feet, and along the railroad company's right of way only about 400 feet, so that if N. street were extended as proposed a triangle would be formed, the point of which would be a short distance from the southerly track, and the base about 400 feet, measuring along the northerly line of the right of way. *Held*, that the facts show that the extension, if the crossing were made at grade, would create a situation so dangerous to life that the decision of the council would be reversed.

Appeal from common council of the city of Niagara Falls.

Proceedings on the proposed opening and laying out and construction of Nineteenth street, in the city of Niagara Falls, across the tracks of the New York Central & Hudson River Railroad Company and other railroad companies. From a decision of the common council of the city of Niagara Falls to take the street across the tracks, and from its determination that such opening is a public necessity, the railroad companies appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Maurice C. Spratt and Adelbert Moot, for appellants.

Franklin J. Mackenna, for respondent.

McLENNAN, J. The appeal is taken under section 62 of the railroad law (chapter 565, Laws 1890, as amended by chapter 754, Laws 1897). Section 61 of the act provides, in substance, that, when a new street or highway shall thereafter be constructed across a street surface railroad, such street shall pass over or under such railroad or at grade, as the board of railroad commissioners shall direct. Notice of intention shall be given to the company by the municipality, designating the time and place of hearing, and the railroad company shall be heard upon the question of necessity. It is then provided that, in case the municipality determines such street to be necessary, it shall make application to the board of railroad commissioners before any further proceedings are taken, to determine whether such street shall pass over or under such railroad or at grade. Section 62 of the law provides:

"Any person aggrieved by such decision, or by a decision made pursuant to sections sixty and sixty-one hereof, and who was a party to such proceedings, may within sixty days appeal therefrom to the appellate division of the supreme court in the department in which such grade crossing is situated, and to the court of appeals, in the same manner and with like effect as is provided in the case of appeal from an order of the supreme court."

In Re City of Buffalo, 167 N. Y. 256, 60 N. E. 589, it was held that under sections 61 and 62 of the railroad law a determination of a common council that it is necessary to lay out an avenue over the tracks of a railroad company is appealable to the appellate division of the supreme court, and that court has power to review such determination. The decision of the common council in the premises being challenged, it would seem clear that it is the duty of this court to examine the facts, for the purpose of ascertaining whether

or not the determination of the common council was proper, and such as should be approved.

It may be assumed, as urged by respondent's counsel, that ordinarily the members of the common council, being upon the ground and having personal knowledge of all the conditions, are better able to judge of the necessity of an extension of the proposed street than this court, but the important facts in this case are not in dispute. The situation is disclosed by the maps quite as effectively as by personal inspection, and therefore we may review the decision of the common council with less hesitation than if the decision of the common council was reached upon a state of facts peculiarly within its knowledge.

The facts are substantially as follows: The tracks of the various railroad companies, appellants, four in number, extend in the locality in question substantially east and west, are the usual distance apart, and are parallel with each other. Nearly 100 trains pass over those tracks daily, and a considerable amount of switching is also done upon them. In fact, it is not disputed that trains are passing almost constantly upon one or the other of the tracks, and often upon all of them at the same time. Nineteenth street extends substantially north and south, and now ends at Mackenna avenue, north of the railroad tracks, from which point it is proposed to extend it, at substantially right angles, across the railroad tracks to Buffalo avenue, a distance of about 800 feet. A street known as the "Portage Road" crosses the tracks in question diagonally, at grade, and runs in a northwesterly and southeasterly direction and intersects Buffalo avenue at a point only about 100 feet distant from where Nineteenth street would intersect such avenue if extended as proposed. At Mackenna avenue, on the north of the tracks, the distance between the Portage road and Nineteenth street is only about 500 feet, and along the railroad companies' right of way only about 400 feet; so that, if Nineteenth street is extended as proposed, a triangle would be formed, the point of which would be but a short distance from the southerly track, and the base would be only about 400 feet, measuring along the northerly line of appellants' right of way. If, instead of extending Nineteenth street across the railroad tracks, it were extended down to appellants' right of way, and then to the Portage road, the traveler would only have to go about 400 feet further in going to Buffalo avenue than in proceeding directly across the tracks, following Nineteenth street if extended. It is apparent that if Nineteenth street should be extended across the tracks, with the Portage road located as it is, a most dangerous situation would be created, not only so far as pedestrians are concerned, but also as to the public traveling upon appellants' railroads. It would be almost impossible to guard against accidents, especially where pedestrians were going from Buffalo avenue north, as it would be practically impossible to tell at that point which of the two roads the traveler proposed to take, both starting substantially from the same point.

The whole difficulty could be remedied—all the danger incident to another crossing avoided—by extending Nineteenth street to the

northerly line of the railroad companies' right of way, and then to the Portage road, thus permitting the traveler to proceed along the Portage road south to Buffalo avenue. It is suggested that travel upon the Portage road is now so great that other facilities for the traveling public are demanded. If so, the Portage road should be widened,—its facilities for travel increased,—so that it will accommodate a greater traffic than at present. This could be done without increasing to any great extent the dangers of such crossing.

The situation disclosed by the maps presented, which are made a part of the record, is such as to convince us that to carry Nineteenth street across the railroad tracks, as proposed by the common council, would be to create a veritable death trap at the place in question. It is said that this court should assume that the railroad commissioners would determine how the crossing should be made, and that, if proper, they would require an underground or overhead crossing to be made at Nineteenth street. It is apparent that such determination on the part of the railroad commissioners would lessen the danger comparatively little, in case the Portage road is to cross at grade, as it now does. The two streets should be united at the point in question, and made one, and then a practical way devised of taking them over or under the tracks of the appellants. When so united, the railroad commissioners would have ample authority to deal with the problem in a manner satisfactory to all. From the affidavits we are not satisfied that it is practicable to carry Nineteenth street over or under the appellants' tracks, while the Portage road continues to cross at grade, and, if not, then the only thing. the railroad commissioners could do would be to authorize the crossing at grade of Nineteenth street.

While we would ordinarily be disposed to give almost controlling effect to the judgment of the common council in a matter of this kind, we feel that this court would not be justified in approving its determination, when such action might result in taking Nineteenth street over the appellants' tracks at grade, and thus create a situation extremely dangerous to those traveling the highway, as well as to the public traveling upon the railways. These considerations lead to the conclusion that the determination of the common council in the premises should be reversed.

Decision of the common council reversed, without costs to either party. All concur.