### BROWN v. BROWN.

(Supreme Court, Special Term, New York County. April, 1909.)

MARRIAGE (§ 65*) — DECREE OF ANNULMENT — CONSTRUCTION AND OPERATION— STATUTES—RETROACTIVE OPERATION.

Code Civ. Proc. § 1774, provides that in an action for the annulment of a marriage "the final judgment must be entered within 30 days" after 3 months from the filing of the decision, and cannot be entered after such 30 days, except by order of the court on sufficient cause shown. This provision limiting the time to 30 days went into effect after plaintiff commenced his action and the interlocutory judgment was entered, and the 3 months thereafter expired before the law went into effect. *Held*, that the statute relates to procedure, and is retroactive, in the absence of words of exclusion.

[Ed. Note.—For other cases, see Marriage, Dec. Dig. § 65.*]

Action by Thomas A. Brown against Celestine F. Brown. Application for a final judgment in an action to annul a marriage. Application denied.

E. T. Chappell,. for plaintiff.

GIEGERICH, J. The action is to annul a marriage. An interlocutory judgment was granted and entered before the amendment of section 1774 of the Code of Civil Procedure by chapter 537, p. 1205, of the Laws of 1905, went into effect. By the amendment referred to there was added a provision that:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The final judgment must be entered within thirty days after the expiration of said period of three months, and cannot be entered after the expiration of such period of thirty days, except by order of the court on application and sufficient cause being shown for the delay."

The plaintiff's attorney, in an affidavit filed in support of the application for final judgment, takes the ground that compliance with such provision is not necessary, because it went into effect after the action was commenced and the interlocutory judgment was entered, and that:

"The 3 months thereafter expired before the law requiring the final judgments to be entered within 30 days after the three months expired."

Counsel has evidently overlooked the well-settled rule that the Legislature may change the practice of the court, and that the change will at once affect pending actions and proceedings, in the absence of words of exclusion. Southwich v. Southwich, 49 N. Y. 510; Matter of Davis, 149 N. Y. 539, 44 N. E. 185; Matter of Ludlow St., 59 App. Div. 180, 68 N. Y. Supp. 1046; Hartmann v. Hoffman, 76 App. Div. 449, 78 N. Y. Supp. 796; Peace v. Wilson, 186 N. Y. 403, 79 N. E. 329, and cases there cited. As was said by the court in the case last cited (page 406 of 186 N. Y., page 330 of 79 N. E.):

"It is the settled law that statutes relating to procedure are retroactive and prospective in their application, without affirmative provisions to that effect."

The act in question does not contain any provision taking the case out of the operation of this principle.

The application for final judgment is therefore denied, with leave to renew upon proof of showing compliance with said above-quoted provisions. The papers have been returned to the clerk.