In the Matter of the Application of the CITY OF NEW YORK for a Determination as to the Manner in Which Eighty-fourth Street (Digby Street) in the Fourth Ward of the Borough of Queens, Shall Be Carried Across the Tracks of the Atlantic Division of the Long Island Railroad Company.    (Case No. 2300.)

THE LONG ISLAND RAILROAD COMPANY, Appellant; THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK FOR THE FIRST DISTRICT and THE CITY OF NEW YORK, Respondents.

Second Department, November 7, 1919.

Municipal corporations — railroads — railroad crossing, city of New York — necessity for change in plan — determination of board of estimate and apportionment as to necessity of change — determination in conformity with statute — necessity need not be absolute — finding that public interest requires change.

The Public Service Commission in the First District when determining the manner in which a street in the borough of Queens shall be carried across railroad tracks cannot go back of the resolution of the board of estimate and apportionment reciting the necessity for a change.

A railroad company has been afforded a hearing before the board of estimate and apportionment upon the " necessity " of such improvement, within the contemplation of section 90 of the Railroad Law, where the notice required by the statute has been duly published and advertised and provided that the board of estimate and apportionment would grant a public hearing at a stated time on the question of the necessity for a change in the railroad crossing, which notice was served upon the railroad company and a hearing held at the time and place prescribed.

A determination by the board of estimate and apportionment that the change in the street crossing should be made imports a finding of the

necessity of such change although the word " necessary " was not used in the resolution of the board.

The words " necessity " and " necessary " defined.

The necessity for carrying a city street across railroad tracks in such fashion as secures the immunity of pedestrians from danger does not mean absolute necessity, or a mere matter of convenience, but involves a determination by the board of estimate and apportionment as to whether, in view of the locality and the existence of other facilities for crossing with safety within reasonable access to travelers in the vicinage, a change in the crossing is reasonably needful. The principal consideration of the " necessity " is the public welfare.

Where the board of estimate and apportionment in direct proceedings on the contemplated improvement resolved that " the public interest " requires a continuance of the street by a change in the map of the city, with a formal request for proceedings to be taken by the Public Service Commission, statutory requirements are satisfied.

Where the final determination of the board of estimate and apportionment has sufficient support and there are no facts indicating an abuse of the discretion reposed in the board, the Appellate Division will not disturb the determination.

APPEAL by the Long Island Railroad Company from an order and determination of the Public Service Commission of the State of New York for the First District, made on the 27th day of August, 1918.

*Louis J. Carruthers* [*Joseph F. Keany* with him on the brief], for the appellant.

*Harry Myron Chamberlain* [*Godfrey Goldmark* with him on the brief], for the respondent Public Service Commission.

*Vincent Victory* [*William P. Burr*, Corporation Counsel, and *J. P. O'Brien* with him on the brief], for the respondent City of New York.

JENKS, P. J.:

This appeal is from an order and determination of the Public Service Commission in procedure of extending a street in the city of New York across the tracks of a railroad corporation. The appeal challenges the jurisdiction of the Commission, in that the board of estimate and apportionment did not conform to the procedure prescribed by section 90 of the Railroad Law (as amd. by Laws of 1914, chap. 378) necessary to confer that jurisdiction.

The board of estimate and apportionment did proceed under

the statute to finality. Although it seems that the appellant had the right to appeal from the final determination of the board of estimate and apportionment (*Matter of Delavan Avenue*, 167 N. Y. 256; *Matter of North Third Avenue*, 32 App. Div. 394), the appellant did not.

As to the power of the Public Service Commission to pass upon these jurisdictional questions, it is well said by this court in its First Department: " But so far as the Public Service Commission is concerned, it cannot go back of the resolution of the board of estimate and apportionment, which recites that the necessity for the change has been duly found." (*Matter of City of New York* [*Third Avenue*], 183 App. Div. 688.) Nevertheless, as the questions are jurisdictional, I shall consider them so far as seems necessary upon this appeal.

I think that the appellant, the Long Island Railroad Company, was afforded a hearing before the board of estimate and apportionment upon the " necessity " of the improvement within the contemplation of section 90 of the Railroad Law. There was not and is not contention that the notice required by the said statute in the procedure of the board of estimate and apportionment was not duly published and advertised. And it was conceded at the hearing before the Public Service Commission that the notice of the hearing before the board of estimate and apportionment also provided that the said board would at the time stated " grant a public hearing to the Long Island Railroad Company pursuant to the provisions of the Railroad Law under necessity [on the necessity?] of laying out the aforesaid pedestrian crossing," and that such notice was served upon that company. The record shows that that board held the hearing at the time and place prescribed. There is no contention that the Long Island Railroad Company was misled or precluded so that it could not appear to be heard.

I think that the procedure of the board of estimate and apportionment satisfies the statute (Railroad Law, § 90) in that there was a determination that the extension was " necessary." The word " necessary " does not appear in the final resolves of the said board. But the question is whether the determination satisfies the spirit of the statute, not whether it uses this apt word.

" The word ' necessary ' * * * has not a fixed character peculiar to itself. It admits of all degrees of comparison; and is often connected with other words, which increase or diminish the impression the mind receives of the urgency it imports." (*McCulloch* v. *Maryland*, 4 Wheat. 414.) " Necessary " may mean indispensable, or needful, or even reasonably convenient. It has been held with respect to crossings that necessity means not the absolute but the practical necessity, and that even the " reasonable convenience " satisfies the word. (*Vice* v. *Eden*, 113 Ky. 255; 68 S. W. Rep. 125; *Railway Co.* v. *Odeneal*, 73 Miss. 40; *Chalcraft* v. *L., E. & St. L. R. R. Co.*, 113 Ill. 87. See, too, *Jones* v. *Seligman*, 81 N. Y. 195; *Matter of North Third Avenue*, 32 App. Div. 396.)

The work contemplated by the statute in this instance is the extension of a city street across the tracks of a railroad corporation in that city in such fashion as secures the immunity of pedestrians from the danger of the cars worked by the railroad corporation. The necessity imported in this statute is not absolute or indispensable, because in the nature of things the public could cross at grade, if the street were but extended. Such necessity presumably is not absolute ·or indispensable at this point, because normally in a city other streets not far away afford crossings, either absolutely or reasonably safe. Mere convenience should not satisfy the term, in view of the law that casts a part of the cost of the improvement upon the railroad corporation. The question of fact before the board of estimate and apportionment is whether, in view of the locality of other facilities for crossing with proper safety within reasonable access to travelers in that place, and of other streets of the vicinage where safe crossings could be ordered, the volume of public travel now and presently convinces the board that this crossing is reasonably needful. This court in its First Department (*ut supra*, 183 App. Div. 694) uses this expression: " Doubtless the widening must be a reasonable one and made for the honest purpose," etc.

After all said, the principal consideration of the " necessity " is the public welfare. We find that in direct proceedings on the contemplated improvement the board of estimate and apportionment did resolve that " *the public interest* " *required*

a continuance of the street by a change in the map or plan of the city, that such change was thereupon made and that thereupon the board by its formal resolve made formal request for the proceedings taken by the Public Service Commission. I think that the requirement of necessity was satisfied.

The final determination of the board had sufficient support, and as there are no facts that indicate any abuse of the discretion reposed in the board, there is no reason for disturbance by this court either upon the merits or for error of procedure. (See *Matter of Town Board* v. *Fitchburg R. R. Co.*, 53 App. Div. 16; affd., 169 N. Y. 609.)

The order and determination should be affirmed, with ten dollars costs and disbursements.

MILLS, RICH, PUTNAM and JAYCOX, JJ., concurred.

Order and determination affirmed, with ten dollars costs and disbursements.