In the Matter of the Laying Out of a Town Highway in the Town of Ballston.

Town Board of Town of Ballston, Appellant; Delaware and Hudson Railroad Corporation et al., Respondents.

Argued September 27, 1939; decided October 17, 1939.

*William Rooney* for appellant.

*Joseph Rosch* and *John H. English* for Delaware and Hudson Railroad Corporation, respondent.

*Emil Peters* and *William C. Maynard* for Abram V. Louer, as trustee of Schenectady Railway Company, respondent.

CRANE, Ch. J. An application was made to the Town Board of the town of Ballston by one James B. White to lay out as a public highway a new highway extending easterly to the westerly shore of Ballston lake from the State highway running between the city of Schenectady and the village of Ballston Spa. The length of this proposed highway is about 3,200 feet. It will cross the tracks of the Delaware and Hudson Railroad Corporation and also the trolley tracks of the Schenectady Railway Company. The new road has been laid out with the exception of a distance of about 150 feet, upon and over an existing private road, that portion west of the railroad tracks having a width of

sixty feet, and that extending easterly a width of fifty feet. This private road has been, it is stated, rather extensively used to reach the westerly shore of Ballston lake and a bathing beach and pavilion operated by White Beach, Inc. This private road was on the old Manning farm, of approximately 242 acres, which, in 1926, was purchased by James B. White, petitioner herein, for the purpose of a land development. It was surveyed and plotted out into 274 lots, the map thereof being filed in the Clerk's office of Saratoga county. The railroad tracks run north and south. The highway mentioned runs north and south, and this private road or proposed new highway cuts across the tracks at about right angles.

The tracks of the Delaware and Hudson Railroad Corporation are below the level of the ground some four feet. The highway, which under the present law cannot pass upon grade, would either go overhead with an appropriate bridge, or else by an underpass. The policy of this State is against the construction of any more grade crossings and for the elimination, as far as practicable, of those now in existence.

There are highway crossings half a mile or more above and below this proposed crossing with roads that lead along the shore of the lake for a large portion of the way at least, and by means of which, with additional construction, the westerly shore could be approached. The petitioner has dedicated the private road, or attempted to dedicate it, to the town, although I cannot find that sections 170 and 171 of the Highway Law (Cons. Laws, ch. 25) relating to dedications have been complied with. These sections read as follows:

" § 170. Survey for the laying out of a highway. Whenever the town superintendent shall lay out any highway, either upon application to him or otherwise, he shall notify the county superintendent, whose duty it shall be to either make a survey, or cause the same to be made, and the town superintendent shall incorporate the survey in an order to be signed by him, and to be filed and recorded in the office

of the town clerk, who shall note the time of recording the same.

" § 171. Highways by dedication. Whenever land is dedicated to a town for highway purposes therein, the town superintendent may with the consent of the town board, either with or without a written application therefor, and without expense to the town, make an order laying out such highway, upon filing and recording in the town clerk's office with such order a release of the land from the owner thereof. * * *."

Both required formalities of the law have never been complied with. There is no proof in the record that the land of the proposed road which petitioner White offered to dedicate has been accepted by either the Town Superintendent of Highways or the Town Board; nor is there evidence that the Town Superintendent of Highways has laid out the proposed road, or made or filed any order with the Town Clerk laying it out; nor is there any evidence that the County Superintendent of Highways has made any survey of the proposed road. In fact the decision and resolution of the Town Board indicates that there was up to the time of the hearing no acceptance, for it reads: " Whereas, the acceptance of the said highway as so offered *to be* dedicated would mean the construction of the road across the tracks and right of way of the Delaware & Hudson Railroad Company and the Schenectady Railway Company," etc.

The Town Board, after due notice to the railroads and public hearing, determined, in accordance with section 90 of the Railroad Law, the necessity of the highway, the vote of the Board not being unanimous. On appeal to the Appellate Division that court, by a three to two vote, has reversed this finding of the Town Board both upon the law and the facts. A question has been raised on this appeal as to the power of the Appellate Division to review the conclusion of the Town Board that this highway was necessary. Section 91 of the Railroad Law (Cons. Laws, ch. 49) says: "Any person aggrieved by such decision, or by a decision made pursuant to sections eighty-nine and ninety hereof, and

who was a party to said proceeding, may within sixty days appeal therefrom to the appellate division of the supreme court in the department in which such crossing is situated, and to the court of appeals, in the same manner and with like effect as is provided in the case of appeals from an order of the supreme court." That this review may be had of the decision of a municipality that a new proposed highway is necessary, was determined by this court in *Matter of City of Buffalo (Delavan Ave.)* (167 N. Y. 256), which held that a determination of a Common Council that it is necessary to lay out an avenue over the tracks of a railroad company is appealable to the Appellate Division of the Supreme Court, which has power to review such determination. The court there said: " It is further objected in behalf of the city that the determination of the municipal authorities is not an exercise of any judicial function, but is an act of political sovereignty, legislative in its nature, to be exercised by the body to whom the legislature has delegated the authority, and, therefore, not the proper subject of judicial review. If the legislature had delegated the authority to the municipal body without qualification to determine as to the necessity of this crossing, the case would be different " (p. 259).

The one thing to be reviewed, therefore, by the Appellate Division is the necessity for this highway crossing, which means a review of the evidence to determine whether it be sufficient to justify the conclusion reached by the Board in this instance. (See, also, *Matter of City of Niagara Falls* [*Nineteenth Street*], 66 App. Div. 618; affd., 170 N. Y. 576, with the statement that no question of law was presented for the court to consider.) The Appellate Division in that case said: " While we would ordinarily be disposed to give almost controlling effect to the judgment of the common council in a matter of this kind, we feel that this court would not be justified in approving its determination, when such action might result in taking Nineteenth street over the appellant's tracks at grade, and thus create a situation extremely dangerous to those traveling the highway, as well as to the

public traveling upon the railways. These considerations lead to the conclusion that the determination of the common council in the premises should be reversed " (p. 619).

We are not unmindful of the limitations upon the power of review stated in *People ex rel. New York & Queens Gas Co.* v. *McCall* (219 N. Y. 84; affd., 245 U. S. 345). In many respects a review of regulatory bodies, such as Public Service Commissions, is different from a review of a decision of the Town Board that it is necessary to cross a railroad at grade or to require it to expend large sums of money to accommodate a few people. The rule is the same for both reviews, but the evidence of necessity should be quite apparent and fully sufficient to justify a finding that the public requires the new highway, or that it is necessary for the community. Even in the *McCall* case we find a quotation from the Minnesota Supreme Court in *State* v. *Great Northern Ry. Co.* (130 Minn. 57, 61), to the effect: " ' The order may be vacated as unreasonable if  *  *  * it is so arbitrary as to be beyond the exercise of a reasonable discretion and judgment ' " (p. 88). What is a reasonable exercise of discretion and judgment must always depend upon the surroundings, the facts and the circumstances.

When the Appellate Division was given the power to review the finding of the Town Board, that this highway was necessary, it had the right to examine the evidence to see whether the necessity clearly appeared, and that it was in the interest of the public instead of some private enterprise or undertaking. The fact that this farm of a little over two hundred acres had been purchased over ten years ago by the petitioner for a land development, and that but few houses had been sold or erected in the meantime; that he through his corporation was running a bathing or picnic beach at the lake; also that the private roadway was laid out by him for the use of these enterprises; that the highway would have to cross the railroads above or below grade at great expense to the companies; that there were other ways of reaching the west shore of the lake which were or could be easily developed, forces us to decide that the Appellate

Division did not exceed its power of review in determining that the decision of the Town Board was beyond the exercise of reasonable discretion and judgment. Certainly the Town Board was overhasty in its action, as there had not been an accepted dedication of a highway, pursuant to sections 170 and 171 of the Highway Law.

For the reasons here stated, the order of the Appellate Division should be affirmed, with costs.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.