■ In the Matter of COUNTY EXECUTIVE OF THE COUNTY OF RENSSELAER et al., Petitioners, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Respondent.—Crew III, J. Proceeding initiated in this Court pursuant to Railroad Law § 91 to review a determination of respondent which denied petitioners' request to alter and rehabilitate a railroad crossing.

Petitioners commenced this proceeding pursuant to Railroad Law § 91 alleging that the public interest required the alteration and/or rehabilitation of a railroad bridge located on Muitzeskill Road in the Town of Schodack, Rensselaer County. The bridge in question was constructed in or about 1923 and spans the tracks of Consolidated Rail Corporation's "Boston Line". A public hearing was held before an Administrative Law Judge (hereinafter ALJ) and numerous witnesses testified on petitioners' behalf regarding, inter alia, the physical condition of the bridge and the effect that closure of the bridge would have on the surrounding community; repair estimates and inspection reports were also received in evidence. The

ALJ ultimately denied the petition, finding that rehabilitation of the bridge was not a reasonable option and that the record did not demonstrate that the public interest required replacement of the bridge. Respondent adopted the ALJ's determination and this proceeding by petitioners followed.

A determination made by respondent* as to matters encompassed by Railroad Law § 91 should not be overturned on review unless it is demonstrated that the decision "was founded upon erroneous legal principles or was contrary to the clear weight of evidence" (*Matter of Boston & Albany R. R. Co.*, 64 App Div 257, 260, *affd* 170 NY 619; *see, People ex rel. Terminal Ry. v Board of R. R. Commrs.*, 53 App Div 61, 63, *affd* 164 NY 572; *Matter of Town Bd. of Schaghticoke v Fitchburg R. R. Co.*, 53 App Div 16, 18, *affd* 169 NY 609). Initially, we reject petitioners' contention that the ALJ placed undue emphasis upon the actual financing that would be needed to repair or replace the bridge and/or overlooked testimony detailing the consequences associated with closing the bridge. A review of the ALJ's decision plainly reveals that factors such as the need for and length of detours for school buses and emergency vehicles presently using the bridge, the increased costs associated with such detours and recent traffic studies were considered. We are also unable to conclude that the public interest mandates rehabilitation or replacement of the bridge. Although closure of the bridge would result in, *inter alia,* either a 1½ or 4½-mile detour (depending upon the route taken), the bridge is located in a predominantly agricultural area south of the Berkshire Spur of the Thruway and apparently services mostly commuter traffic. Additionally, while such detours will undoubtedly increase the response time for emergency vehicles servicing the area, it appears that residential housing in the affected area is rather sparse. Under these circumstances, we are unable to conclude that respondent erred in determining that the public interest did not require alteration or rehabilitation of the bridge. We have examined petitioners' remaining contentions and find them to be without merit.

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Respondent, as successor to the Board of Railroad Commissioners and the Public Service Commission (*see,* L 1909, ch 153; L 1970, ch 267), is the State agency charged with implementing the provisions of Railroad Law § 91.