Graham v. The People.

---

WALTER GRAHAM, Plaintiff in Error, v. THE PEOPLE, &c.,
Defendant in Error.

<div style="float:right;border:1px solid">6L 149<br>62a d495</div>

(GENERAL TERM, FOURTH DEPARTMENT, DECEMBER, 1871.)

Section 22, 2 R. S., 740, has not abolished the common-law record in crimi-
nal cases, as is shown by § 4, 2 R. S., 738 ; § 10 id., 739.
But the statute does not require a formal common-law record of judgment
to be filed in the first instance or returned upon writ of error.
The return to a writ of error in a capital case, failing to show that the pri-
soner had been asked if he had anything to say why sentence should not
be passed, certiorari to the Oyer and Terminer or clerk, as counsel should
be advised, was granted to bring up such proceedings as might remain in
that court or the records thereof.

MOTION by the defendant in error to dismiss the appeal of
the plaintiff in error.

The prisoner was indicted, tried and convicted at a Circuit
Court of Oyer and Terminer held in and for the county of
Wayne, for the murder of one Otto.

The trial took place in October, 1870.   Sentence of death
was passed on him on the 29th of the same month.

On the 5th of November, 1870, the district attorney caused
to be filed in the clerk's office of said county a record of said
conviction, as required by statute.

On the 16th of January, 1871, a writ of error was allowed,

together with a stay of proceedings, by Dwight, J., who presided at the trial of Graham, directed to the Court of Oyer and Terminer, by which he was tried and convicted.

On the 24th of January, 1871, a bill of exceptions taken on trial of said prisoner was signed, sealed and filed.

On the 27th of January, 1871, the clerk of said county of Wayne made a return to said writ of error, containing, 1st, a copy of the indictment found against the prisoner; 2d, the plea of the prisoner; 3d, the continuance of the proceedings; 4th, the bill of exceptions; 5th, the record of conviction; 6th, the writ of error, with the allowance thereof, with a stay of proceedings; 7th, the certificate of the county clerk of Wayne that the papers are correct copies of those on file in his office; and, 8th, the return of the clerk.

In none of the papers does it appear that the prisoner was asked, after the verdict of guilty was rendered against him, and before sentence was passed, whether he had anything to say why sentence should not be passed upon him. This defect in the record is fatal to the conviction.

To get rid of this result the defendant in error now moves to dismiss the appeal, because no judgment record had been made up and filed before the issuing and service of said writ of error.

It is shown by affidavit that the court, before passing sentence, did inquire of the prisoner whether he had anything to say why sentence should not be passed upon him.

The county clerk testifies that the return to the writ of error was prepared by one of the counsel for the prisoner, who was permitted, for that purpose, to examine and copy the minutes of said court and papers on file in said office, and who represented to said clerk that the return prepared by him for said clerk to sign contained all that was necessary to be returned, and that correct copies of the several papers forming said return were contained therein.

The clerk also sets forth what he swears is a true copy of the minutes kept on the trial, and in them is found the state-

ment that the court asked the prisoner if he had anything to say why sentence should *not* be passed upon him.

On the part of the plaintiff in error it is shown that his counsel, after the issuing of said writ of error, went to the county clerk's office, and asked to see the minutes of the trial, and they were shown to them, and they found entered on the margin of the minutes, in the handwriting of one of the clerks in said clerk's office, the statement that the court had put to the prisoner the question whether he had anything to say why sentence should not be passed upon him, and said clerk told the counsel the entry was made by him within two weeks before the interview.

The counsel for the defendant in error asks that, if the court declines to quash the writ of error, a writ of certiorari issue to bring up the minutes of the court and such other papers as may be necessary to show that the court did inquire of the prisoner whether he had anything to say why sentence should not be passed upon him.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J.    A writ of error cannot regularly be brought until after final judgment. (*People* v. *Merrill*, 14 N. Y., 74.)   The judgment of the court was, before the enact-ment of the Revised Statutes, evidenced by a record duly signed and filed, which contained a full statement of the pro-ceedings in the cause to and including the judgment of the court.    It was this record that was brought up by the writ of error.

There were and are cases in which no formal record can be made up, and in such cases the final adjudication of the court is the judgment which is brought up.

It is insisted that, by the Revised Statutes (3 R. S., 5 ed., 1034, § 22), common-law record is dispensed with.    That sec-tion provides that, upon any writ of error being filed which shall operate as a stay of proceedings, it shall be the duty of the clerk of the court to make a return thereto, without

delay, containing a transcript of the indictment, bill of exceptions and judgment of the court, certified by the clerk thereof. A formal record would contain these several matters, but these do not constitute a complete record. It is quite obvious that the legislature did not intend to require a formal record to be filed and returned.

But the common-law record is not abolished. By section 4 of article 1, title 6, chapter 2, part 4 of the Revised Statutes, a person may require the district attorney to file a judgment record after judgment of acquittal or conviction. And by section 12 of the same article, a copy of the minutes of conviction and the sentence thereon, duly certified under seal, together with a copy of the indictment on which the conviction was had, is declared evidence in all courts and places of such conviction, in all cases on which it shall appear that no record of judgment has been signed and filed.

The statute having specified what papers the clerk shall return, in obedience to the writ of error, he cannot be required to return other or different ones. In some cases the courts seem to have overlooked the provisions of section 22, above cited.

In the case of the *People* v. *Weed* (31 N. Y., 465), a conviction was reversed because the record was not signed by a judge of the court, but was signed by the district attorney only. DAVIS, J., says : " To constitute a record, it should have been signed by a judge of the court. The law on this subject in criminal proceedings has not been changed." It is doubtless true that a record of judgment, to be valid, must be signed by a judge of the court. But that was not the question before the court. It was whether the matters required to be returned by the clerk in obedience to the writ of error had been returned, and, if so, whether they showed the conviction to be legal.

With great respect, I submit that the clerk had complied with the statute, but the matters so returned showed the judgment to have been pronounced by but one of the members of

the court, and for that reason the conviction was properly reversed.

The counsel for the defendant in error refers us to the case of *Lowenbey* v. *The People* (5 Park. C. R., 414), as recognizing the necessity that a record of judgment be returned.

No question was raised as to the form or sufficiency of the return in that case. A judgment record was returned, and as it contained all the matters which the statute requires the clerk to return, it was, of course, sufficient.

In *Safford* v. *The People* (1 Park. C. R., 474) there was no record. The return was substantially the same as the one before us.

In the case of *People* v. *Phillips*, the printed papers in which were handed up on the argument, the return of the clerk contained the indictment, bill of exceptions and the judgment certified by the clerk, and this was held to be sufficient. There was no record of judgment. The return before us is in conformity to the statute, and therefore sufficient. That part of the motion which prays for the dismissal of the writ of error must be denied.

The defendant in error may allege diminution and apply for certiorari to bring up proceedings in the court below in support of the judgment. (4 Cow., 91.)

It is alleged that the judgment returned is not the judgment actually rendered; and that if the judgment entered in the minutes kept by the clerk on the trial were returned, the defects appearing in the judgment contained in the return would be obviated, and the legality of the conviction established.

If it be true, as the clerk charges, that one of the prisoner's counsel imposed upon him a garbled copy of the judgment, omitting from it matters actually contained in the minutes of the clerk furnished to him to enable him to prepare the return, he deserves the severest condemnation. His conduct was simply infamous.

But if he has given a correct copy of the judgment, and the clerk has, without authority of the court, and since the

rendition of the judgment, inserted in his minutes the statement which would render the judgment legal, which without them was illegal, he has been guilty of a flagrant breach of duty, and shown himself unfit to be trusted in so responsible and respectable an office as that of clerk of the county of Wayne.

No man's person or property is safe if the clerk of the county may manipulate the records of the county to promote the interests of friends or to punish enemies, or to cover up his own or others' errors.

It is not necessary now to pass upon the question of veracity between the clerk and the counsel for the prisoner; that question can be disposed most satisfactorily either in the court below on a motion to correct the minutes, or in this court after return is made to the certiorari.

It is for the clerk to determine what he will return to the writ.   If he should return the judgment as it is in the return on file, the judgment must be reversed.   Should he return, as it is probable he will, the minutes as set out in his affidavit as used on this motion, and that return should stand, the defects now relied on to reverse the judgment would be cured, and an affirmance of it might follow.

It would seem to be necessary, in view of the probable action of the clerk, that the counsel for the prisoner, if they think the return to be made would be false, to apply in the Oyer and Terminer to correct the minutes before a return is made, so that, if corrected, a correct copy of the minutes may be returned.

It is possible that this court, after a return to the certiorari, might compel an amendment of the minutes.   It is not my intention to express any opinion as to the manner in which, or the tribunal by which, the minutes, if erroneous, may be corrected; counsel must act upon their own views of the practice, and the court must be left free to act as shall be in accordance with the practice when the question is again presented.

DENIO, J., in *Willis* v. *The People* (32 N. Y., 715, 722),

gives his views of the practice, where the proceedings to be brought up by the certiorari occurred in the Oyer and Terminer, and are such as could not appear on the return.

A certiorari is allowed on the part and behalf of the defendants in error to the Oyer and Terminer of Wayne county, or to the clerk thereof, as counsel may be advised, to bring up such proceedings in the case of *The People* v. *Walter Graham* as may remain in that court or among the records thereof.

Leave is given to the parties to move in the Oyer and Terminer for such relief as they, or either, may deem himself or themselves entitled to.    (16 N. Y., 614.)