(62 App. Div. 492.)

In re OPENING OF DELAVAN AVE.

(Supreme Court, Appellate Division, Fourth Department.   June 19, 1901.)

CERTIORARI—CITY COUNCIL PROCEEDINGS—LAYING OUT STREET.
Under Code Civ. Proc. § 2124, authorizing a court exercising appellate jurisdiction to issue a writ of certiorari requiring the body whose proceedings are under review to make a return thereof to the court in any case where justice requires that any defect in the record should be supplied, the court, on appeal from a city ordinance opening a street across railway tracks, will grant a writ of certiorari requiring the city council to send up all matters considered by it in its determination of the question.

Proceeding by the city of Buffalo for the opening of Delavan avenue, in the city of Buffalo, across the tracks of the New York Central & Hudson River Railroad Company. From the city ordinance authorizing such opening the railway company appealed, whereon the city of Buffalo makes this application for a writ of certiorari for the common council to return all matters on which it acted in laying out such street.  Application granted.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Henry W. Killeen, for the motion.
Charles A. Pooley, opposed.

RUMSEY, J.  In the month of July, 1900, the common council of the city of Buffalo passed an ordinance determining that it was necessary to open Delavan avenue across the tracks and right of way of the New York Central & Hudson River Railroad Company, and directing the corporation counsel to apply to the board of railroad commissioners to ascertain the manner in which the avenue should cross the tracks, in accordance with the provisions of section 61 of the railroad law (Laws 1897, c. 754).  The matter had evidently been pending before the common council for some time, and had been in charge of a committee.  Notice had been given to the railroad company pursuant to the statute.  A hearing had been had, at which that company was represented, and an affidavit in its behalf was filed by its attorney.  After the ordinance was passed, an appeal was taken to this court.  The counsel of the parties not having been able to agree as to the form of a return, the corporation counsel now moves for a writ of certiorari addressed to the common council, requiring them to return to this court all the papers and proceedings upon which they acted in opening this avenue.  The general power of the city of Buffalo is given to the common council by the charter of that city.  Section 4. Among those powers is the authority to lay out streets.  Section 391 (Laws 1891, c. 105).  There is no claim that this has not been exercised in the manner prescribed by the charter.  By section 61 of the railroad law it is provided that, whenever it shall be determined that a new street shall be constructed across the right of way of a steam surface railroad, the board of railroad commissioners shall direct whether it shall pass under or over the railroad or at grade.  The statute requires that notice of

the intention to lay out a street must be given to the railroad company by the municipal corporation at least 15 days before the making of the order laying it out, and in that notice shall be designated a time and place when and where a hearing will be given to the railroad company, who shall have the right to be heard upon the question of the necessity of such street. It is provided by section 62 of the railroad law that an appeal will lie to this court from any decision made pursuant to the provisions of section 60 or 61 of that act, and it has been held in this case that under that provision an appeal lies from the determination of the common council to lay out this avenue. In re City of Buffalo (N. Y. App.) 60 N. E. 589. The statute, however, which authorizes an appeal in this proceeding, contains no directions as to what shall constitute the record upon which the appeal is to be heard; and we are called upon by this motion to determine what papers or information are to be returned to this court upon which the appeal can be decided, and the manner in which that return shall be made. The proceeding itself is quite anomalous. The power of laying out streets and highways is purely legislative in its nature (Dill. Mun. Corp. § 680), and a municipal corporation has in that regard whatever power is delegated to it by the legislature. But, whenever it is called upon to act upon these matters, it must act as it would in any other purely legislative matter before it, unless the manner of its proceeding is prescribed by its charter. In determining what action to take with respect to laying out a street, or whether to take any action at all, the common council is not required to proceed upon legal evidence. Like all other legislative bodies, it acts upon its own notions of expediency, and it judges as to the propriety of what it shall do by such information as it may get, either from the personal knowledge of the members, or upon information secured for it by a committee appointed for that purpose, or by the statements of persons whom it permits to appear before it, or by its own personal view of the locality on which action is to be taken. These are all legitimate ways for a legislative body to procure such knowledge, upon any question, as may enable it to act. The statute in question does not require the common council, before taking action, to procure information in any particular way; nor does it limit its powers by anything except the mere question of expediency and propriety. It is required to give 15 days' notice to the railroad company which may be affected by the laying out of the highway. Beyond that the statute imposes no restrictions upon its action, except such as the law imposes upon the common council of every municipality to proceed within their powers, and such as good faith imposes upon them to act for the best interests of those subject to their authority. Ordinarily, the exercise of its power by a common council is not reviewable, because its acts are not strictly judicial, even quasi judicial. It is purely legislative. The only remedy, before this statute was passed, was by an appeal to the higher court of the legislature, or by changing the personality of the common council at the next election, and thus reversing its act, if it was not satisfactory to the taxpayers. While an appeal has now been permitted to this court, neither the nature nor the extent of the power, nor the manner

of its exercise by the common council, has been in the slightest degree affected. It is still at liberty to open the highway when, in its knowledge, it is expedient to do so. It may still act upon the same information, and acquire it in the same way as any fact which it is necessary for it to know to base its judgment upon. There is no such thing, nor can there be such a thing, as a record upon which it can be said that its acts are based. But when it is called upon to defend its action it is at liberty to say, not only that it had before it certain papers, but, if its members had other information upon which they might properly act, and upon which they did act, they should have an opportunity to present that information to the appellate tribunal, in order that it may stand in their place, and judge likewise of the propriety and expediency of the act which it is called upon to review.

At common law, whenever a matter was pending in an appellate court, and it was alleged that the record was defective, so that all the proceedings in the matter were not before it, the remedy was by a writ of certiorari directed to the tribunal whose proceedings were under review, requiring it to return to the appellate court all papers and proceedings upon which it acted in making the adjudication. Pow. App. Proc. p. 347. This was the usual and ordinary remedy, not only at common law, but under the Revised Statutes, and in criminal as well as in civil proceedings. Graham v. People, 6 Lans. 149. The writ has been retained for these purposes by section 2124 of the Code of Civil Procedure, which gives to a court exercising jurisdiction of an appellate nature authority to issue a writ of certiorari requiring the body whose proceedings are under review to make a return to the court issuing the writ at a time and place fixed in the writ, for the purpose of supplying any diminution, variance, or other defect in the record before the court, in any case where justice requires that the defect should be supplied, and adequate relief cannot be obtained by means of an order. This case is precisely within the provisions of that section of the Code, and authorizes the issue of a writ such as is asked for. But it is somewhat difficult to direct precisely what is to be returned by the common council. The propriety of its act is to be reviewed. To enable the court to do that understandingly, and with justice to the city as well as to the railroad company, it is our duty to obtain all the information which was before the common council, and upon which it acted in determining that this street should be laid out. The nature of that information, and the manner in which it might have been secured by the common council, has already been indicated in a former part of this opinion. It is to be remembered that no strictly legal right is involved in this proceeding. The question is merely as to the propriety and expediency of laying out this highway. That must be determined by a consideration of the interests of the community which are to be affected by it; the uses the highway will serve; its location with reference to other streets and other means of communication; the necessities for a new highway in that particular place; the ability of the city to pay the expense; and many other considerations, which need not be expressed, but the existence of which all persons will admit. These matters were all before the common council. All such

matters should be returned to us. Whatever information was before that body, either from their own observation or derived from the reports of committees or otherwise, should be returned to us, in order that this court may be able to judge intelligently of the propriety of the act which it is called upon to review. It must be remembered that this court is not called upon to decide now as to the manner in which this street shall cross the tracks of the railroad company. That is a matter for further consideration by the board of railroad commissioners when the application shall be made to them in that behalf. All that is to be decided by us is whether, in view of all the information which shall be returned to us by the common council, their action in determining to lay out this street was ill-advised, and should be reversed. To enable us to obtain this information, this writ of certiorari should be granted, returnable to this court.