and demeanor of the witnesses upon the stand." It does appear, however, quite plainly from the opinion referred to that in reaching such conclusion the magistrate was influenced by a misapprehension as to the nature and effect of the evidence given by the two witnesses who testified in the defendant's behalf. He states in the opinion as follows: "There is a conflict of testimony as to the real agreement; but as the witnesses called by the defendant testify that the recovery in the two actions, whatever it might be, was to be divided between the four persons who testified on the trial, namely Goldberg, Frazier, Sutherland, and Meyers, I am loth to believe them." Neither of the witnesses called by the defendant testified that the recovery in the two actions was to be so divided. The witness Meyer, after testifying to the contract, and that it was that Mr. Goldberg would take the case on a contingency, did indeed state that, "in a joking way Mr. Frazier says, 'We will all share it, if we get anything,'" while the witness Sutherland testified expressly that the money which might be obtained from the cases was to be divided between Mr. Goldberg and the defendant. Her testimony is as follows: "Q. Were you present at any conversation that took place between Mr. Goldberg and Mr. Frazier? A. Yes, sir. * * * Q. Just state what that conversation was, please. A. As near as I can remember it, he was to take the case against Gaige and Johnson on a fee to be shared. Whatever they got out of the case was to be shared between them. * * * Q. And as to the compensation for the services of Mr. Goldberg? A. The money which they obtained from the case was to be divided between them." As the court below refused, or at least hesitated, to believe these witnesses, upon the ground that they were interested pecuniarily in the transaction, and in the mistaken belief that they had so testified, the result must have been affected by the misapprehension, and there must therefore be a new trial.

BARTLETT and JENKS, JJ., concur.

---

NUSBAUM, Respondent, v. SOUTH SHORE WATER WORKS, Appellant. (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Action by Louis W. Nusbaum against the South Shore Water Works. No opinion. Judgment of the municipal court affirmed, with costs.

---

OEHLHOF, Respondent, v. SOLOMON et al., Appellants. (Supreme Court, Appellate Term. October, 1901.) Action by Erhard Oehlhof against Herman Solomon and Lena Solomon. Louis Lowenstein, for appellants. Bennet & Silverman (William S. Bennet, of counsel), for respondent. No opinion. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event, with leave to appeal to the appellate division. See 67 N. Y. Supp. 935.

---

OGLE, Respondent, v. DERSHEM, Appellant. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by Agnes Ogle against William Dershem. No opinion. Motion denied.

---

O'LEARY v. ERIE R. CO. (Supreme Court, Appellate Division, Fourth Department. December 3, 1901.) Action by Michael O'Leary against the Erie Railroad Company.

PER CURIAM. Ordered, that the order herein be amended nunc pro tunc so as to read as follows, viz.: "It is hereby ordered and adjudged that the judgment and order so appealed from be, and the same are hereby, reversed, and new trial ordered upon questions of law only; the appellate division having examined the facts and found no error therein." See 64 N. Y. Supp. 511.

---

OMEGA CHEMICAL CO., Respondent, v. WESCHLER et al., Appellants. (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by the Omega Chemical Company against J. Charles Weschler and others. W. P. Preble, for appellant. L. Marshall, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

O'NEILL et al. v. NEW YORK & H. R. CO. (Supreme Court, Appellate Division, First Department. December 20, 1901.) Action by David W. O'Neill and another against the New York & Harlem Railroad Company. No opinion. Judgment affirmed, with costs.

---

In re OPENING OF DELAVAN AVE. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) In the matter of the proposed opening, laying out, and construction of Delavan avenue.

PER CURIAM. Motion to amend record granted, so far as to permit the affidavits which have been presented to the court relating to the proceedings before the common council to be printed in the record and made a part thereof, without determining, however, as to their competency. The former decision of this court herein (71 N. Y. Supp. 137) is hereby vacated, and a reargument upon the corrected record ordered to be had upon the first day of the next term, without notice. Order to be settled before Mr. Justice SPRING upon three days' notice.

---

OPPENHEIM, Appellant, v. MORDECAI et al., Respondents. (Supreme Court, Appellate Term. October, 1901.) Action by Milton E. Oppenheim against Allen S. Mordecai and others. B. Tuska, for appellant. Simpson & Werner, for respondents.

GILDERSLEEVE, J. The defendants are real estate brokers. In September, 1900, they attempted, as such brokers, to loan money on the security of a first mortgage on the property at One Hundred and Fourteenth street and Seventh avenue. The owners of the property desired $120,000, and the Germania Life Insurance Company, for whom the defendants were negotiating, was unwilling to loan more than $107,500 upon the premises in question.