[Misc.]    County Court, Rockland County, January, 1911.

Matter of the Application of LILLIE THOMPSON, to Lay Out a Highway on the West Side of Rockland Lake, in the Town of Clarkstown, Rockland County, and to Assess the Damages Therefor.

(County Court, · Rockland County, January, 1911.)

Eminent domain — Condemnation proceedings — Commissioners — Omission to take oath.

Where, upon an application to confirm the decision and report of commissioners appointed under section 193 of the ·Highway Law to determine the necessity of laying out a public highway and to assess the damages, it appears from the record that they did not, before entering upon the discharge of their duties, take the constitutional oath of office, as required by section 194 of the Highway Law, their proceedings are void; and an order will be granted vacating and setting aside their proceedings and report.

MOTION to confirm the report of commissioners.

Frank Comesky, for applicant.

George A. Blauvelt, for superintendent.

Alonzo Wheeler, for Charles W. Bedford.

Frank R. Savidge, for American Ice Company.

McCAULEY, J.    This is a motion to confirm the report of three commissioners appointed by an order of this court dated September 19, 1910, under section 193 of the Highway Law, to determine upon the necessity of laying out a public highway in the town of Clarkstown and to assess the damages occasioned thereby.

The commissioners, having viewed the proposed highway and the land to be taken therefor, and having heard the allegations and proofs of the parties, have certified and reported to this court that in their opinion it is necessary and proper that the highway be laid out; but that no damages will

result to the property owners, to whom they, accordingly, award no compensation. The motion is made by the applicant, pursuant to the provisions of section 199 of the statute, above mentioned, and is opposed by the town superintendent, and by the American Ice Company, and Charles W. Bedford, through whose lands, respectively, the proposed highway will pass, both of whom have filed exceptions to the report.

But two objections were urged against the confirmation of the report upon the oral argument and in the briefs submitted, namely, (1) that this court was without jurisdiction to appoint the commissioners, for the reason that the application for their appointment was not made within thirty days after presenting the application to the town superintendent as required by said section 193; and (2) that the commissioners erred in deciding that the property owners were entitled to no compensation for the land taken; and that in arriving at their decision they erroneously and in violation of the provisions of the Condemnation Law (Code Civ. Pro., § 3370) deducted from the value of the land taken certain benefits, real or supposed, which the owners may derive from the public use for which the land is to be taken.

Upon an application to confirm the decision and report of the commissioners, this court has power to review all the proceedings, whether such proceedings relate to the merits of the application, or otherwise. People ex rel. Hanford v. Thayer, 88 Hun, 136; Matter of Lawton, 22 Misc. Rep. 426.

Section 194 of the Highway Law provides that the commissioners shall, before entering upon the discharge of their duties, take the constitutional oath of office. See, also, Code Civ. Pro., § 3370. It appears from the record before me that they failed to comply with this statutory requirement, and their proceedings are, therefore, in my opinion, ineffectual and void. For this reason it is needless to consider and discuss the objections above referred to.

The only oath or affirmation prescribed by the Constitution of this State (art. XIII, § 1) is as follows: "I do solemnly swear (or affirm) that I will support the Constitution of the United States, and the Constitution of the State

of New York, and that I will faithfully discharge the duties of the office * * * according to the best of my ability." The Legislature undoubtedly had the right to prescribe the form of oath or affirmation to be taken by the commissioners and, the statute being mandatory, there must be a substantial compliance with its provision. The commissioners, obviously overlooking through inadvertence this statutory requirement, took and subscribed the following oath: " We (here appear the names of the commissioners), commissioners appointed in the above entitled matter by an order of this court, bearing date the 19th day of September, 1910, being duly sworn, each for himself, do solemnly swear and declare that we will faithfully and fairly discharge our duties upon this commission, and will make a just and true report according to the best of our understanding."

It will be observed that they do not swear or affirm that they will support the Constitution of the United States, or the Constitution of this State; and hence they never qualified, and all their subsequent proceedings were without jurisdiction and void. Matter of David, 44 Misc. Rep. 192; People v. Connor, 46 Barb. 336.

The parties to the proceeding did not waive the constitutional oath; indeed, the record does not disclose whether they knew the commissioners had taken the oath required by law, or not. They had the right to assume that the commissioners had complied with the statute and taken the constitutional oath of office. Moreover, the parties to this proceeding had no right to waive such an important and necessary statutory requirement. The whole town had an interest in the proposed highway, and had a right to require that the proceedings should, in all material respects, conform to the requirements of the statute which, in effect, declares that the commissioners are incompetent to act as such until they have taken the prescribed oath. It was an act necessary to give them jurisdiction to proceed in the discharge of their duties, the omission of which rendered all their acts *coram non judice,* and void. People v. Connor, *supra.*

It has been held that, where the form of oath to be taken by assessors is prescribed, it must be followed, and that any

Supreme Court, January, 1911.     [Vol. 70.

material deviation from it will invalidate the assessment. Shattuck v. Bascom, 105 N. Y. 39; Hinckley v. Cooper, 22 Hun, 253.

For these reasons the proceedings of the commissioners and their report must be vacated and set aside. An order to that effect may be entered upon notice.

Report of commissioners vacated and set aside.