## BLECHNER v. KRASER.

### (Bronx County Court. February 7, 1916.)

1. LIBEL AND SLANDER ⊛═⇒7—ACTIONABLE WORDS—"FIREBUG."

   A statement that plaintiff was a firebug, over the objection that it did not impute that plaintiff was guilty of arson or of any other specific crime, was actionable per se, as the term "firebug" is a popular phrase referring to persons guilty of the crime of arson, and implied to the average mind one who had committed the crime of arson, and is commonly understood to mean an incendiary or pyromaniac, so that it would be understood as charging a crime.

   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 17–78; Dec. Dig. ⊛═⇒7.]

2. LIBEL AND SLANDER ⊛═⇒19—CONSTRUCTION OF WORDS.

   Alleged slanderous words must be construed according to their common and natural meaning, and not in a sense favorable to the defendant.

   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 98, 99; Dec. Dig. ⊛═⇒19.]

3. LIBEL AND SLANDER ⊛═⇒101—BURDEN OF PROOF—CONSTRUCTION.

   Plaintiff, in an action for slander, does not carry the burden of showing that slanderous words are not susceptible of an innocent construction.

   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 150, 273, 275–280; Dec. Dig. ⊛═⇒101.]

Action by Frederick Blechner against Stephen Kraser. Motion for judgment on the pleadings granted, with leave to defendant to serve answer.

Druce & Platt, for plaintiff.

Oliver E. Davis, of New York City, for defendant.

GIBBS, J. [1, 2] This is a motion for judgment on the pleadings, raised by demurrer to the plaintiff's complaint herein. The action is in slander; the plaintiff charging the defendant with having called him, among other things, a "firebug." The defendant argues that the term "firebug" is not actionable per se, because it does not impute that the plaintiff is guilty of arson, nor of any other specific crime. I am constrained to disagree with the defendant's contention (which is the only serious question raised on the demurrer), as the word "firebug" has a very well-defined and commonly accepted meaning. The term "firebug" was coined as a popular phrase referring to persons guilty of the crime of arson, about 20 years ago, and since then reference to any person as a "firebug" has implied, in the average mind, that that person referred to is one who has committed the crime of arson, implying that he had maliciously burned the house or apartment of another. So well ingrafted is the term in the popular mind that Webster's New International Dictionary (Merriam's Series, 1913) defines "firebug" as an incendiary or pyromaniac. Alleged slanderous words must be construed according to their common and natural meaning, and not in a sense favorable to defendant.

[3] It is not a question of what was in the defendant's mind, but what was the natural import of the words used, and what impression

did those words convey to the ordinary mind? The courts are not required to strain in the direction of finding ambiguity where none exists, and the plaintiff in a slander action does not carry the burden that slanderous words used are not susceptible of an innocent construction. Perhaps there are persons in the city of New York so unsophisticated that they class "firebug" with "firefly," as suggested by the learned counsel in his brief, but they are undoubtedly rare and few in number. The principle involved has been tersely stated in the old case of Miller v. Donovan, 16 Misc. Rep. 453, 39 N. Y. Supp. 820:

"Words alleged to be libelous are to be construed in the sense that is most natural and obvious and in the sense that those persons to whom the publication comes will most likely understand them."

This doctrine has been reiterated in the late case of Dooley v. Press Publishing Company, 156 N. Y. Supp. 381, decided in the Appellate Division, Second Department, in December, 1915, Thomas, J., speaking for the court, the headnote of which reads as follows (and this applies particularly to the point made by the defendant that he did not charge the plaintiff with crime):

"A published article, charging that plaintiff had done something subject to criminal prosecution, was libelous per se, not because it charged an act punishable as a crime, but because it held plaintiff up to public condemnation for committing what defendant, mistakenly or otherwise, considered as a crime, as in such case the charge of criminality, and not the legal accuracy thereof, imparts the libelous quality, and it is not necessary that plaintiff be able to state what crime, recognized by law, was imputed to him."

The motion for judgment on the pleadings is therefore granted, with leave to the defendant to serve an answer within 20 days after the service and entry of a copy of the order herein, upon payment of $10 costs. Submit order.