In the Matter of the Laying Out of a CERTAIN TOWN HIGHWAY in the Town of Ballston, County of Saratoga and State of New York.

THE DELAWARE AND HUDSON RAILROAD CORPORATION, Appellant; ABRAM V. LOUER and Another, as Receivers of the SCHENECTADY RAILWAY COMPANY, Appellants; TOWN BOARD OF THE TOWN OF BALLSTON, Respondent; JAMES B. WHITE, Petitioner, Respondent.

Third Department, July 2, 1937.

*Joseph Rosch*, for the appellant, The Delaware and Hudson Railroad Corporation.

*Daniel Naylon* [*John H. English* and *Emil Peters* of counsel], for receivers of Schenectady Railway Company, appellants.

*John W. Nichols,* for the respondent James B. White.

*William Rooney,* for the respondent Town Board of the Town of Ballston.

HEFFERNAN, J. The facts in this proceeding are comprehensively stated in the dissenting opinion of Mr. Justice CRAPSER on the former determination (249 App. Div. 871) and their repetition is unnecessary. We then affirmed the determination of the town board. We directed a reargument principally for the purpose of a consideration and determination of the nature, scope and extent of our power of review on an appeal of this character. After more deliberate consideration and reflection we have concluded that our former decision should be overruled. That decision was predicated on the ground that the court was without power to pass upon the necessity of laying out a town highway across the tracks of appellants' railroads. In that decision we held, in substance, that we had no authority to annul the order appealed from unless it appeared that it was unreasonable, unlawful, arbitrary or capricious. The reason for that rule so far as it applies to regulatory tribunals is discussed in *People ex rel. N. Y. & Queens Gas Co.* v. *McCall* (219 N. Y. 84). The rule of limitation to review stated in the *McCall* case was restated and applied in *Matter of Grade Crossings (N. Y. C. R. R. Co.)* (255 N. Y. 320) and *Niagara Falls Power Co.* v. *Water Power & Control Commission* (267 id. 265).

The rule as to the scope of review of questions of fact applicable to the determinations of regulatory bodies should not be extended to include decisions of a town board. The cases cited in the dissenting opinion of Mr. Justice RHODES, when properly analysed, do not hold anything to the contrary. These cases were dealing with orders of the Public Service Commission or its predecessor, the Board of Railroad Commissioners.

The inquiry as to whether the proposed highway in the instant case is necessary is a judicial and not a legislative question. This court has heretofore asserted and exercised the power to review the determination of a town board as to the necessity of laying out a public highway in *Matter of Tennessee Avenue* (213 App. Div. 540). The Court of Appeals has defined the scope of review in a like proceeding in *Matter of Delavan Avenue* (167 N. Y. 256). In that case the city of Buffalo had extended Delavan avenue over certain railroad tracks pursuant to the provisions of section 61 of the Railroad Law of 1890 (present section 90). The question presented was whether section 62 of the Railroad Law (present section 91) allowed an appeal from the determination of the municipal corporation, or only an appeal from the determination of the

Railroad Commissioners directing the manner of crossing. The court held that the statute gave a separate appeal from the determination of the municipal corporation. In the course of its opinion the court also made the following statement as to the scope of review: " It is further objected in behalf of the city that the determination of the municipal authorities is not an exercise of any judicial function, but is an act of political sovereignty, legislative in its nature, to be exercised by the body to whom the Legislature has delegated the authority, and, therefore, not the proper subject of judicial review. If the Legislature had delegated the authority to the municipal body without qualification to determine as to the necessity of this crossing, the case would be different. (*People ex rel. Herrick* v. *Smith,* 21 N. Y. 595; *Matter of Townsend,* 39 N. Y. 171; *Matter of Fowler,* 53 N. Y. 60; *Matter of Sackett Street,* 74 N. Y. 95.) But section 61 provides that the municipal body must give fifteen days' notice of its intention to the railroad company, and of the time and place of hearing, and expressly provides that the railroad company shall have a right to be heard upon the question of the necessity of such street. The reason is manifest. The railroad company is already using its railroad by virtue of the right of eminent domain, and although that is not prohibitive of legislative authorization of new street and highway crossings (*Prest., etc., Delaware & Hudson Canal Co.* v. *Village of Whitehall,* 90 N. Y. 21; *Buffalo, B. & L. Ry. Co.* v. *N. Y., L. Erie & W. R. R. Co.,* 72 Hun, 587), yet it presents such questions of fact of a judicial nature, touching relative necessities, public uses, public danger, comparison of cost to benefits, promotion of private enterprises under guise of public uses, all of which are suggested by this record, as might well induce the Legislature to submit the question of necessity to municipal determination, subject to judicial review. There is no constitutional restriction upon such a delegation of authority and such an exercise of judicial jurisdiction. The cases first above cited, and the statutes touching railway crossings, and statutes regulating the exercise of the power of eminent domain (Condemnation Law; Code C. P. sec. 3357), show that judicial jurisdiction and revision are, whenever the State does not directly act for itself, an important feature of its policy. The same judicial revision may not be necessary, but it may be proper in cases where the State itself is the direct actor; it is for the Legislature to decide."

Respondents apparently find some consolation in the opinion of the Appellate Division of the Fourth Department (62 App. Div. 492) when the same case again appeared there on the question of the contents of the record on appeal. There, however, the court

clearly recognized that the review of the " propriety and expediency " of laying out the highway was before it for determination. In his brief the learned counsel for appellants has traced the history of legislation dealing with the power of municipalities to lay out streets and highways over railroads in this State. From that history it convincingly appears that dangerous crossings were to be eliminated and the necessity for new crossings was confided to the courts through the power of review. From earliest times this State made the question of " necessity " of a new road to be laid out, or " uselessness " of an old one to be discontinued, a judicial question. The Highway Law, sections 173–179, provides for the appointment of commissioners by the court, their duties including the obligation to determine the question of " necessity " or " uselessness," as the case may be, and their determination is subject to review by the court which appoints them (*People ex rel. Hanford* v. *Thayer*, 88 Hun, 136; *Matter of Thompson*, 70 Misc. 285; *Matter of Lawton*, 22 id. 426) and will be reversed if against the weight of evidence. (*Matter of Coe*, 19 Misc. 549.)

Prior to the present Highway Law and under the early Revised Statutes by which town commissioners of highways were empowered to lay out or discontinue a highway, and a person aggrieved by their decision could appeal to the three judges of the county, it was held that the sole question for the judges to consider on appeal was the " necessity or propriety " of the road. (*Commissioners of Highways of Warwick* v. *Judges of Orange County*, 13 Wend. 433.) The principle of that case was reaffirmed in *People ex rel. Hubbard* v. *Harris* (63 N. Y. 391) and *People ex rel. Cook* v. *Hildreth* (126 id. 360). In *Citizens' Savings Bank* v. *Town of Greenburgh* (173 N. Y. 215) the Court of Appeals asserted its right to pass upon the question of necessity of a town highway authorized to be constructed by special act of the Legislature. Recently the Appellate Division, Second Department, in *Matter of Crouch* (232 App. Div. 698), in dismissing a motion to confirm the report of commissioners determining the necessity for a new town highway, reviewed the facts of the case and stated that the " necessity " for the highway was not shown.

In *Matter of Mayor, etc., City of Yonkers* (248 N. Y. 593) the Court of Appeals reviewed the evidence in a proceeding under section 91 of the Railroad Law before the Public Service Commission to alter a bridge carrying a street over railroad tracks, in which proceeding a finding of " necessity " by the Commission is required by statute, and held that the petitioner failed to show that alteration of the bridge was " necessary " within the meaning of section 91 of the

Railroad Law. The Commission had dismissed the proceeding for lack of jurisdiction.

The necessity for exercise by the courts of the full scope of the power of review granted under section 91 of the Railroad Law becomes apparent in considering the divided power over crossings in the present state of the law. The Public Service Commission has general regulatory powers over the railroads of the State, including the power to eliminate all existing grade crossings. Municipalities are authorized to conduct proceedings to lay out streets and highways over railroads. This dual authority should be exercised in such a manner that there may be no conflict. To avoid that result it is imperative that the power of the court to pass upon the question of the necessity of the action of local officials should not be circumscribed.

In granting to an aggrieved person the right to appeal, the statute (Railroad Law, § 91) provides that it may be taken " in the same manner and with like effect as is provided in the case of appeals from an order of the Supreme Court." On appeal from such an order the court has power to reverse, affirm or modify. (Civ. Prac. Act, § 584.)

Our power to review a determination of a town board is no less comprehensive than a review in a certiorari proceeding. Unquestionably in such a proceeding we may pass upon the evidence. (Civ. Prac. Act, § 1304, subds. 4, 5.) Possessing the power to review the merits on this appeal we would be remiss in our duty if we failed to do so.

As heretofore pointed out in the dissenting opinion of Justice CRAPSER, a consideration of the evidence requires an annulment of the determination appealed from and a dismissal of the proceeding.

The determination appealed from should be annulled, with fifty dollars costs and disbursements to appellants.

CRAPSER and BLISS, JJ., concur; BLISS, J., in a separate memorandum, in which HEFFERNAN, J., concurs; RHODES, J., dissents, with an opinion, in which HILL, P. J., concurs.

BLISS, J. (concurring). Upon the prior argument of this case it was assumed that our reviewing power was limited to an inquiry as to whether the decision below was arbitrary, capricious and wholly unsupported by the evidence. A reargument was granted and had solely upon this question. The statute (Railroad Law, § 91) provides for an appeal to us " with like effect as is provided in the case of appeals from an order of the Supreme Court." Mr. Justice RHODES urges that this does not mean that the scope of our review is the same as upon the review of an order of the Supreme Court,

but that the " effect " of the appeal means the status of the matter after the appeal has been effected and that we are limited in the scope of our review as on a review of a determination of a purely legislative or administrative body, *i. e.*, that we may not weigh the evidence and may inquire only to the extent of determining whether there is *any* evidence to support the determination and review.

The Court of Appeals, in considering this same statute, held, in *Matter of Delavan Avenue* (167 N. Y. 256), that the Legislature had not delegated the authority without qualification to determine as to the necessity of the crossing and that the situations arising under section 61 (now 90) of the Railroad Law presented questions of the fact of a *judicial* nature and subject to *judicial* review. The delegation is thus limited by the power of this court and the Court of Appeals to review the same as it would review an order of the Supreme Court. We must, therefore, pass judicially upon the facts and their weight. Other decisions, both of this court and the Court of Appeals, support this interpretation of the statute. " The rule is now well settled that this court should not reverse the determination of the commissioners, unless it is clearly made to appear that their decision was founded upon erroneous legal principles or was contrary to the clear weight of evidence." (*Matter of Boston & A. R. R. Co.*, 64 App. Div. 257 [3d Dept.]; affd., 170 N. Y. 619.) " Unless the court can see that the decision of the Board of Railroad Commissioners was founded upon erroneous legal principles, or that it proceeded contrary to the clear weight of evidence in arriving at its conclusion upon any question of fact, or that it has abused the discretion vested in it, and has arbitrarily refused to issue the necessary certificate, I do not think that the court should reverse its determination and compel it to issue a certificate." (*Matter of Amsterdam, J. & G. R. R. Co.*, 86 Hun, 578 [3d Dept.].) In determining the question of necessity the Board is deciding a question of fact, and in the making of that decision it acts judicially, notwithstanding there may be closely interwoven with it certain administrative or ministerial functions that must also be exercised. (*People ex rel. Steward* v. *Railroad Commissioners*, 160 N. Y. 202.)

We held in our former decision that there were sufficient facts to support the determination of the town board. But that does not now appear to be enough. I agree with my brethren CRAPSER and HEFFERNAN that the determination of the town board was clearly against the weight of the evidence. It must, therefore, be reversed.

HEFFERNAN, J., concurs.

RHODES, J. (dissenting). The order appealed from was affirmed by this court. (See 249 App. Div. 871.) A reargument has been addressed particularly to the question of the scope of the review which may be had in this court.

In *Matter of Tennessee Avenue* (213 App. Div. 540) this court held that it lay within our province to pass upon the question of necessity for a proposed road, and reversed the determination of the town board, the local legislative body which had passed upon and determined that the road in question should be laid out.

Previously similar action had been taken in *Matter of Proposed Opening, etc., of 19th Street by City of Niagara Falls* (66 App. Div. 618), but the affirmance of the order of the Appellate Division in that case was " *on default.*" in the Court of Appeals (169 N. Y. 602).

In *Matter of Delavan Avenue* (167 N. Y. 256) the question was presented as to whether sections 61 and 62 of the Railroad Law (now sections 90 and 91) authorized an appeal from the determination of the municipal body laying out a street across the tracks of a railroad, and it was held that under the statute such an appeal was permitted. Thereafter in the same proceeding the question arose as to the form of the return to be made in behalf of the municipality, and an application was made for a writ of certiorari to compel the common council of the municipality to return all matters upon which it acted in laying out the street in question; such application was granted by the Appellate Division (62 App. Div. 492). The opinion of RUMSEY, J., therein is of especial interest and application here. He there points out that the power of laying out streets and highways is purely legislative in its nature, and that the court on appeal is reviewing the determination of a legislative body. The opinion states: " While an appeal has now been permitted to this court, neither the nature nor the extent of the power, nor the manner of its exercise by the common council has been in the slightest degree affected. It is still at liberty to open the highway when in its knowledge it is expedient to do so; it may still act upon the same information and acquire it in the same way as any fact which it is necessary for it to know to base its judgment upon."

As pointed out in the case just cited, the statute does not provide for a trial; it provides for a hearing with requisite notice thereof and where such notice has been given and hearing afforded then the municipality may lawfully act. (*Matter of Village of Hobart,* 204 App. Div. 595; affd., 236 N. Y. 582; *Matter of City of New York* [*84th St.*], 189 App. Div. 315.)

The statute, section 91 of the Railroad Law, contains no language defining the scope of the review. Its language is that "Any person aggrieved * * * may within sixty days appeal * * * to the Appellate Division of the Supreme Court * * * and to the Court of Appeals, in the same manner and with like effect as is provided in the case of appeals from an order of the Supreme Court."

The requirement that the appeal be taken in the same manner as from an order of the Supreme Court obviously relates to the manner and method of perfecting the appeal, and is a regulation of the practice and procedure in taking the appeal. The provision that the appeal may be taken "with like effect," as in case of an appeal from an order of the Supreme Court, certainly does not mean that the scope of review in this court is necessarily the same as the review of an order of the Supreme Court. The *effect* of the appeal means the status of the matter after the appeal has been perfected; that is, after the appeal is perfected, the matters involved, pending the determination of the appeal, are under the control of the appellate court; as an illustration, stays of proceedings may or may not be granted by such court, depending upon the statute and circumstances involved; likewise, in certain cases the appeal, when perfected, *ipso facto*, stays all proceedings under the order appealed from pending determination of the appeal, and in certain instances other results automatically follow the perfecting of the appeal.

It seems clear that this is the "effect" which the statute contemplates when it declares that the appeal may be taken with like effect as provided in case of appeals from an order of the Supreme Court.

Nothing in the language of said section 91 by which the appeal herein is authorized changes the essential nature and character of the review, nor the essential nature and character of the determination under review. Whether the review is brought on by appeal or by certiorari, in the absence of statutory requirements to the contrary, the rules as to the scope of review are the same. In either case, as already stated, the court is required to pass upon the action of a legislative or an administrative body.

Section 1304 of the Civil Practice Act specifies with definiteness the scope of inquiry by an appellate court. By said section the questions involving the merits to be determined by the court upon the hearing "are the following *only:*" whetner the body or officer had jurisdiction of the subject-matter; whether the authority conferred has been pursued in the mode required by law; whether in making the determination any rule of law affecting the rights

of the parties had been violated; whether there was *any* competent proof of all the facts necessary to be approved in order to authorize the making of the determination; if there was such proof, whether *upon all the evidence*, there was such a *preponderance* of proof against the existence of any of those facts that the verdict of a jury affirming the existence thereof, rendered in an action in the Supreme Court triable by a jury, would be set aside by the court as against the weight of evidence.

While said section 1304 of the Civil Practice Act states that the court may determine the preponderance of evidence, the Court of Appeals has declared at least as to the Public Service Commission that we may not analyze or balance the evidence which was before the Commission for the purpose of determining whether it preponderates for or against the conclusion arrived at on a question of engineering.

However, in the case before us the question of preponderance of evidence is not involved, as facts were produced tending to support and to deny the necessity of the proposed new highway; not only was there evidence, but there was sufficient evidence to support the determination below.

Our highest court many times has declared that in reviewing the action of legislative or administrative bodies vested with discretionary action the court may not substitute its judgment for that of the body whose determination is being reviewed. (*Matter of Town Board* v. *Fitchburg R. R. Co.*, 53 App. Div. 16; affd., 169 N. Y. 609; *Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 id. 320; *People ex rel. N. Y. & Queens Gas Co.* v. *McCall*, 219 id. 84; affd., 245 U. S. 345; *Niagara Falls Power Co.* v. *Water Power & Control Commission*, 267 N. Y. 265.)

The local legislative body, having substantially complied with statutes regulating the proceeding, and there being evidence to support its decision, therefore, in accordance with the rules laid down by the Court of Appeals, the determination appealed from should be affirmed, with fifty dollars costs and disbursements.

HILL, P. J., concurs.

Determination annulled, with fifty dollars costs and disbursements.