LAWYER WEIDMAN, Appellant, v. ELMER KETCHAM, Respondent.— Plaintiff received a verdict in this action for libel. The trial court set it aside and ordered a new trial, and later granted a reserved motion to dismiss the complaint. Defendant in a written communication charged plaintiff with larceny. The defendant in his answer pleaded *inter alia* the truth of the charge. The jury on sufficient evidence found for the plaintiff. Defendant seeks to sustain the orders setting aside the verdict and dismiss the complaint upon the ground that there was no publication of the libel. It is not denied that defendant, an assistant postmaster, wrote upon a postal card addressed to plaintiff that he was a thief, that he communicated the contents of the card to the postmaster, without disclosing the name of the one charged; the postmaster advised that it be inclosed in an envelope. The suggestion was adopted by defendant. The disclosure of the contents of the written card to the postmaster amounted to publication thereof as the postmaster had opportunity to learn the identity of the addressee. (*Snyder* v. *Andrews*, 6 Barb. 43; *Miller* v. *Donovan*, 16 Misc. 453; *Van Clief* v. *Lawrence*, 2 City Hall Recorder, 41.) The card contained in the envelope was delivered at plaintiff's residence, his wife opened the letter and read the card, as did his mother. " In the law of defamation, publication is a term of art * * *. A defamatory writing is not published if it is read by no one but the one defamed. Published it is, however, as soon as it is read by anyone else * * *. Many things that are defamatory may be said with impunity through the medium of speech. Not so, however, when speech is caught upon the wing and transmuted into print. What gives the sting to the writing is its permanence of form. The spoken word dissolves, but the written one abides and ' perpetuates the scandal.' " (*Ostrowe* v. *Lee*, 256 N. Y. 36.) The orders should be reversed, with twenty dollars costs, and the verdict reinstated, with costs. Orders reversed, on the law and facts, with twenty dollars costs and disbursements, and verdict reinstated. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

### (October 8, 1937.)

In the Matter of the Laying Out of a Certain TOWN HIGHWAY IN THE TOWN OF BALLSTON, COUNTY OF SARATOGA, AND STATE OF NEW YORK; THE DELAWARE & HUDSON RAILROAD CORPORATION, Appellant; ABRAM V. LOUER and Another, as Receivers of Schenectady Railway Company, Appellants; TOWN BOARD OF THE TOWN OF BALLSTON, Respondent; JAMES B. WHITE, Petitioner, Respondent.— Motion for leave to appeal to the Court of Appeals granted. [See 251 App. Div. 642.] The court hereby certifies that in its opinion a question of law is involved herein which ought to be reviewed by the Court of Appeals. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ. [See *post*, p. 819.]

CHARLES PFEIL, Respondent, v. AUGUST C. HASSELBUSH and Another, Appellants.— Motion to continue appeal by Hilda P. Wanstall and Pauline P. Richards, executrices, as respondents, and to be substituted in place of the testator Charles Pfeil, granted. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.